ADA H. KEPLEY ET AL., APPELLANTS, V. VICTOR B. CALDWELL, APPELLEE.

FILED SEPTEMBER 26, 1914. No. 17,807.

Wills: RESIDUARY CLAUSE: VALIDITY. The following residuary clause of a will *held* void as too indefinite and uncertain for enforcement: "All personal property, except money, not otherwise disposed of herein, is to be paid and distributed by my executor as follows: To such persons, respectively, as were my friends in my lifetime, and he may think suitable and appropriate, observing my wishes in regard thereto so far as he may know or have reason to believe what they were."

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

W. H. Thompson, McKenzie & Cox and H. C. Vail, for appellants.

*Arthur C. Wakeley, contra.*

ROSE, J.

Plaintiff assails the validity of the following provision of the will of Catherine F. Lacy, deceased: "All personal property, except money, not otherwise disposed of herein, is to be paid and distributed by my executor as follows: To such persons, respectively, as were my friends in my lifetime, and he may think suitable and appropriate, observing my wishes in regard thereto so far as he may know or have reason to believe what they were." In the district court this provision was held valid, and plaintiff has appealed.

The right of plaintiff to maintain the suit is challenged on the ground that she has not shown any interest in the property in controversy. On the whole record this point is not well taken. The petition attacks the validity of the residuary clause, and alleges that plaintiff is an heir at law of testatrix. The answer states that the executor has already distributed property under that portion of the will quoted, and the evidence fairly shows that some part of the undevised estate belongs to plaintiff, if the residuary clause is void.

To uphold the will in its entirety the executor relies on oral testimony and separate, unsigned memoranda enumerating a number of articles to show that the bequests and the legatees are sufficiently definite to meet the requirements of the law, but under well-recognized rules this cannot be done. Manifestly there was no intent on the part of testatrix to dispense charities. The principles of construction relating to that subject do not apply. The intention of testatrix, the legatees, and the bequests of property are too indefinite and uncertain for enforcement. The residuary clause should not be enforced. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.