[No. 18864. Department One. November 28, 1924.]

ALVAH PORTER, *Appellant*, v. H. L. WHEELER, *Executrix of the Estate of Mary Wheeler Porter, Deceased, et al., Respondents.*[1]

WILLS (69, 70)—CONSTRUCTION—RESIDUARY CLAUSE—RESTRICTION—ESTATES CREATED. A residuary devise and bequest to a wife of property "to be used and enjoyed by her during her lifetime," and at her death "all of said property not used for her support and comfort, to go to my son," does not vest an absolute ownership in the wife to property not used by her for her support and comfort, or entitle her to will the balance remaining.

EXECUTORS AND ADMINISTRATORS (102) — DISTRIBUTION — ORDER—CONSTRUCTION. An order of distribution of all the estate to the widow "as provided in" the last will and testament of the deceased, must be construed as embodying in the decree a residuary devise and bequest limiting her estate to the right to use the property for her support and comfort during her lifetime.

PLEADING (87, 96)—DEMURRER—PLEADING GOOD IN PART—HEARING AND DETERMINATION. In an action to recover a residuary estate, invoking the construction of a will, it is error to sustain a demurrer to a complaint for want of sufficient facts, although the plaintiff was not strictly entitled to maintain a suit against the executor to recover all of the residuary estate part of which was subject to debts and charges incurred for the support of another beneficiary; since the plaintiff was entitled to be heard in the probate proceedings, and the action should be consolidated therewith, and the plaintiff awarded therein such relief as he was entitled to.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 28, 1924, dismissing an action for equitable relief, on sustaining a demurrer to the complaint. Reversed.

*Thos. L. O'Leary*, for appellant.

*Vance & Christensen*, for respondents.

PARKER, J.—The plaintiff, Porter, commenced this suit in equity in the superior court for Thurston county, seeking a decree quieting his title in, and de-

[1]Reported in 230 Pac. 640.

creeing him to be the owner of, certain real property in that county; and also seeking an accounting and determination of his property rights in certain personal property taken possession of and claimed by the defendants as a part of the estate of Mary Wheeler Porter, deceased, of which the defendant, H. L. Wheeler, is executrix, the other defendants being heirs of Mary Wheeler Porter or beneficiaries under her will. The plaintiff claims absolute ownership of the property drawn in question, upon the theory that it was the separate property of his father, Nathan S. Porter; Mary Wheeler Porter, deceased, his second wife, never being vested with any estate therein other than a life estate under his will; and upon her death, the absolute title to the property vesting in the plaintiff, under the terms of the will of his father, Nathan S. Porter. The cause was submitted to the court upon the complaint and a demurrer thereto, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was by the court sustained, and the plaintiff electing not to plead further, final judgment of dismissal was accordingly rendered against him, from which he has appealed to this court.

The controlling facts, as we view them, may be summarized from the allegations of the complaint which, for present purposes, we must assume are true, as follows: On December 25, 1920, Nathan S. Porter died, being then, and for many years prior thereto, a resident of Thurston county. He left surviving him his then second wife, Mary Wheeler Porter, and the plaintiff, his son by a former deceased wife. Sometime prior to his death, Nathan S. Porter made and duly executed his last will and testament in which, following directions as to the disposition of his body and the payment

of his debts, he disposed of his property and appointed his executrix as follows:

"3rd. I give and bequeath to my son Alvah Porter three hundred dollars ($300) and twenty-five per cent of the net income from my stock in the Little Chopaca, Ruby and Unaka Mines, Columbia Gold Dredging Company of South America, Similkamun Falls Power Company and Mexican Rubber Culture Company.

"4th. I give, devise and bequeath to my wife Mary Wheeler Porter all the balance of my property, real, personal and mixed of which I may die seized, consisting of real estate, money, bank stock, mining stock, rubber culture stock, Sumilkamun Falls Power stock, Lot and House on Main Street, Olympia, Household goods, Library, Musical instruments, choses in action; ornaments and keepsakes to be used and enjoyed by her during her lifetime; and at her death, I will that all of said property not used for her support and comfort, go to my said son Alvah Porter.

"Provided: That if my widow, Mary Wheeler Porter, shall marry, then I will, devise and bequeath all of my said property to go to my said son Alvah Porter.

"5th: I hereby appoint my wife, Mary Wheeler Porter, my Executrix, to carry out the provisions of this will; and that she be not required to give bonds, and without the intervention of any court, except to have this will probated."

On January 10, 1921, that will was duly proven and admitted to probate in the superior court for Thurston county, and the appointment of Mary Wheeler Porter as executrix confirmed. The administration of the estate proceeded accordingly, and such proceedings were had therein that, on August 15, 1921, a decree of distribution was by the court entered, which, after reciting that the legacy of $300 bequeathed to the plaintiff had been paid, that all debts and obligations of the estate had been paid and that the estate was then ready for distribution, decreed as follows:

"It is therefore ordered, adjudged and decreed that all the residue of said estate of Nathan Smith Porter, deceased, now remaining in the hands of Mary Wheeler Porter as executrix be and the same is hereby distributed, set over and confirmed to Mary Wheeler Porter, the surviving widow of said deceased, as provided in said last will of deceased. The residue of said property referred to is described as follows:    .    .    ."

On March 24, 1924, Mary Wheeler Porter died, in Thurston county, being then a resident of that county, leaving a will appointing the defendant, H. L. Wheeler, the executrix thereof, and naming the other defendants beneficiaries therein. That will was duly proven and admitted to probate in the superior court for Thurston county on April 18, 1924, and the administration of the estate of Mary Wheeler Porter proceeded accordingly, in which the defendant, H. L. Wheeler, as executrix, and the other defendants as beneficiaries under the will, are assuming and claiming that all the property left by Nathan S. Porter at the time of his death became, by virtue of the provisions of his will and the decree of distribution entered in the settlement of his estate, the absolute property of Mary Wheeler Porter, freed from all claims the plaintiff might make to the remainder thereof at the time of her death.

The real property drawn in question is real property left by Nathan S. Porter which he owned in his own separate right at the time of his death. The personal property drawn in question is either property in specie, or the proceeds of property, left by Nathan S. Porter which he owned in his own right at the time of his death. There are other allegations of facts in the complaint looking to the setting aside of the decree of distribution entered in the estate of Nathan S. Porter, should it be construed as a final adjudication against the plaintiff that Mary Wheeler Porter took

any greater interest or estate in the property left by Nathan S. Porter than a life estate and her right to support therefrom. These allegations, we shall find, as we proceed, are not necessary to the stating of a cause of action entitling plaintiff to the relief he prays for, since we have arrived at the conclusion that the decree of distribution entered in the estate of Nathan S. Porter did not adjudicate by its terms any different or greater property right in favor of Mary Wheeler Porter than was awarded her by the terms of the will of Nathan S. Porter.

Assuming that the decree of distribution entered in the estate of Nathan S. Porter is final and not subject to being set aside, we think a correct construction of it becomes the principal controlling consideration determinative of the plaintiff's right to the property left by his father, Nathan S. Porter, in so far as such property has not been consumed in and is not now burdened with obligations growing out of its use for the "support and comfort" of Mary Wheeler Porter during her lifetime. Nathan S. Porter in his will, after making specific requests to his son, the plaintiff, as to which there is no controversy here, provides:

"I give, devise and bequeath to my wife Mary Wheeler Porter all the balance of my property real, personal and mixed of which I may die seized, . . . to be used and enjoyed by her during her lifetime; and at her death, I will that all of said property not used for her support and comfort, go to my said son Alvah Porter."

We shall not attempt to give to this estate so vested in Mary Wheeler Porter any technical name. It seems to be something more than an ordinary conventional life estate (since the language of the will does not limit her right to the bare use of the property in the sense of limiting her right to the income therefrom

with a view of preserving the property during her lifetime), but manifestly gives her the right to support and comfort from the property even though it be consumed in furnishing her support and comfort during her lifetime. But the will does not give her such absolute ownership of the property as to enable her to dispose of it by will or other disposition to take effect upon her death, nor can her heirs acquire any interest in the property by inheritance, because the will expressly provides that "at her death, I will that all of said property not used for her support and comfort, go to my said son Alvah Porter."

Now the decree of distribution entered in the estate of Nathan S. Porter does not, in terms, vest in Mary Wheeler Porter any specified estate in the property so willed to her, but goes no further than to decree that the property "is hereby distributed, set over and confirmed to Mary Wheeler Porter, the surviving widow of said deceased, as provided in said last will of deceased." Manifestly we think that, in order to determine the nature and extent of the interest and estate taken by Mary Wheeler Porter under this decree, the above quoted language of the will must be considered as embodied in and made a part of the decree. We are quite unable to see that the decree has any other possible meaning. We are of the opinion, therefore, that the plaintiff is entitled to be decreed to be the owner of all the property of which Mary Wheeler Porter took such lifetime use of and interest in under the will of Nathan S. Porter, in so far as that property has not been consumed in and is not now burdened with obligations growing out of its use for her support and comfort during her lifetime.

There is thus developed a situation rendering it debatable as to just how we should now dispose of this

appeal. Possibly, the strict logic of the situation calls for a holding that the plaintiff's complaint does not state facts entitling him to relief, that is, not entitling him to relief at this time, because the facts alleged in the complaint inferentially show that there may be outstanding debts of Mary Wheeler Porter incurred in the furnishing of her support and comfort during her lifetime which are chargeable to the property in the administration of her estate. It seems to us that the property is subject to administration, at least to the extent of subjecting it to the satisfaction of such debts or for determining that there are no such debts. The defendant H. L. Wheeler, as executrix, is therefore entitled to the possession of the property, at least for the purpose of such administration.

But this is a suit in equity in which the primary problem is in effect the construction of the will of Nathan S. Porter, or rather the construction of the decree of distribution entered in the administration of his estate. This complaint could well have been filed as a petition in the probate proceedings in which the estate of Mary Wheeler Porter is being administered, and every question here presented could therein become fully adjudicated as between all parties interested, including possible creditors of the class above mentioned. Such a petition filed at the time of the commencement of this action might have been premature, but we think only in the sense of postponing its final disposition until the settlement of the estate of Mary Wheeler Porter, in so far as the property rights here drawn in question and the possible debts incurred in the furnishing of support and comfort to Mary Wheeler Porter in her lifetime are concerned, and would not have called for a dismissal of such petition as not stating facts constituting a right in behalf of this plaintiff as such petitioner. Our decisions in *Leo Kee v. Wah*

*Sing Chong,* 31 Wash. 678, 72 Pac. 473, and *Chellew v. White,* 127 Wash. 382, 221 Pac. 3, while not exactly in point, lend support to this conclusion.

Under these circumstances, we conclude that the defendant's demurrer to the plaintiff's complaint should not be sustained, since the allegations of the complaint render it probable that, upon the satisfaction of possible debts chargeable against this property, there will be left of it some substantial quantity and amount to which the plaintiff will ultimately be entitled. We see no substantial reason for sustaining the demurrer at this time and dismissing this action and thereby forcing the plaintiff to commence anew, at a time when the full extent of his rights may become more certain; but are of the opinion that this cause should be consolidated with, and merged into, the probate proceedings in which the estate of Mary Wheeler Porter is being administered. This being an equity suit not triable by jury, and the administration of the estate of Mary Wheeler Porter being administered in the same superior court in which this action is pending, the rights of all parties here drawn in question can be there fully tried out and determined at the proper time.

The order of the superior court sustaining the demurrer to the plaintiff's complaint and its judgment of dismissal are reversed, and the cause remanded to the superior court for Thurston county for further proceedings in harmony with the views herein expressed.

MAIN, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.