[No. 20537.   Department One.   July 8, 1927.]

*In the Matter of the Estate of* THOMAS J. KING,
*Deceased.*

WILLIAM H. KING *et al., Appellants*, v. JAMES E. KING,
*Respondent.*[1]

[1] TRUSTS (4)—WILLS (71)—PRECATORY WORDS NECESSARY OR SUF-
FICIENT TO CREATE TRUST.  Where a testator divided his estate
between five children, one-fifth to each, one of the bequests
being in trust for a son under disability as long as the dis-
ability lasted, a precatory trust in his favor is not imposed on
the shares bequeathed to three of the others, by a closing clause
in the will to the effect that, realizing that the bequest to the
son under disability might not be sufficient to support him for
life, "it is my request and will" that the three children named
"continue to care for him from the bequests made to them."

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered December 11, 1926,
upon findings in favor of the defendant, in an action to
procure the construction of a will.   Affirmed.

*John W. Gordon, George B. Cole,* and *John Wesley
Dolby,* for appellants.

*Daniel Landon* and *Pemberton & Robinson,* for re-
spondent.

FRENCH, J.—Thomas J. King died leaving a will
which was probated in King county, Washington, the
essential parts of which, in so far as this controversy
is concerned, are as follows:

The first and second paragraphs nominate and ap-
point an executor, direct the payment of debts, etc.

"Third.   I give, devise and bequeath to my son,
William H. King, one fifth of all my estate of which I
may die seized or possessed, of every kind and char-
acter, both real and personal, and wheresoever the

¹Reported in 257 Pac. 848.

same may be situated, or to which I shall be entitled at the time of my death, to have and to hold forever.

"Fourth. Having full confidence in the honesty and integrity of my said son, William H. King, I hereby give and devise and bequeath to him in trust for the use and benefit, care, support and maintenance of my son Thomas J. King, an additional one-fifth of my estate of which I may die seized or possessed, of every kind and character, both real and personal, or to which I shall be entitled at the time of my death, and I direct that the same shall be used for the benefit of my said son, Thomas J. King during his natural life, or until his present disability shall be removed, and in the event that said present disability is removed it is my will that the remaining portion of said one-fifth interest shall be given to my said son, Thomas J. King.

"Fifth. I give, devise and bequeath to my son James E. King, of Seattle, Washington, one-fifth of all my estate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, and of every kind and character, both real and personal, and wheresoever the same may be situated, to have and to hold forever.

"Sixth. I give, devise and bequeath to Catherine J. (King) Rutledge and her children one-fifth interest.

"Seventh. I give, devise and bequeath to my daughter, Julia M. King (now Julia Cunningham) of Seattle, Washington one-fifth of all my estate of which I may die seized or possessed or to which I may be entitled at the time of my death, real or personal, and wheresoever the same may be situated, to have and to hold forever. . . .

"Lastly. Realizing that the bequest made to my son William H. King in trust for the benefit of my son Thomas J. King, may not be sufficient to properly support and maintain him during the rest of his natural life, while he may be under his present disability, it is my request and my will that my children William H. King, James E. King, and Julia A. King shall continue to care for him from the bequests made to them."

[1]   It is the contention of appellants that, by the terms of the will, a precatory trust is created for the benefit of Thomas J. King. On the other hand, it is the contention of respondent that he takes an absolute title to a one-fifth interest in the estate.

"A plain trust once created will not be altered by repugnant provisions in other parts of the will, although other parts of the will may affect it. On the other hand, where an absolute estate or interest is clearly given, a subsequent attempt to impose a trust will be void for repugnancy." 40 Cyc. 1733.

*Bank of Charleston v. Dowling,* 52 S. C. 345, 29 S. E. 788; *Rona v. Meier,* 47 Iowa 607, 29 Am. Rep. 493; 28 R. C. L. 209.

That the testator knew how to create a trust is certain, because, in the fourth paragraph of the will quoted above, he has created such a trust, and it seems improbable that the matter would have been left to conjecture and doubt, had such been his intention. A court of equity will not declare a trust, except when it clearly appears that it was the plain intention of the devisor so to do. Something more than a wish, desire or suggestion of the testator as to the future activities of the legatee must be expressed. *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894; Story, Equity Jurisprudence (13th ed.), 1070; 2 Alexander on Wills, 1090.

An examination of the cases and text-books above cited together with many others convinces us that the judgment of the lower court is in harmony with, and supported by, the great weight of authority. Judgment affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.