[No. 26183. *En Banc.* November 2, 1936.]

*In the Matter of the Estate of* CHESTER ALVIN MORTON, *Deceased.*[1]

*John W. Brisky* and *Thomas K. Chambers,* for appellants.

*Welts & Welts,* for respondents.

BLAKE, J.—Chester A. Morton died, leaving a will which contained the following provision:

"I give, devise and bequeath unto Robert E. L. Knapp, as trustee, the sum of one thousand dollars

[1]Reported in 61 P. (2d) 1309.

($1,000) to be expended for the building and equipping of Sea Scout Ship No. 60 of Mount Baker Area, Boy Scouts of America, said sum to be expended solely and entirely at the discretion and according to the judgment of said Robert E. L. Knapp, and it is my hope and desire that he shall continue as skipper of said ship, and I suggest as a name for it 'Viking.'

"If for any reason which shall be deemed sufficient in the judgment of said Robert E. L. Knapp, the expenditure of said sum of one thousand dollars ($1,000.00) is not feasible for the purpose indicated, he may, at his discretion, use said sum for any cause or purpose which he may deem worthy.

"If no such cause presents itself, then this bequest shall become null and void."

Knapp was named as executor and was made residuary legatee. In his petition for distribution, he alleged:

"That the said boat referred to in said last Will and Testament to-wit: Sea Scout Ship No. 60, is a boat discarded by the United States Navy, said boat being made out of cedar, and is, in the opinion of your Executor, not safe nor sea-worthy, and further, that the sum of $1,000 is totally and wholly inadequate to properly fit the boat out for service as directed in said Will, or to make it in any way serviceable for the purposes of the Sea Scouts; further, that there is no adequate or safe place to keep said boat in the city of Mount Vernon, or the immediate vicinity without great expense; also that the operation and maintenance of said boat would be costly, requiring almost the constant attention of one person at all times with no fund provided for its keep. That this provision of the Will, in the opinion of your Executor, is impractical to carry out, is not feasible for the purpose that the deceased had, and using his discretion in the matter has decided he will not carry out the terms of this provision of said Will, nor does he now believe nor wish to put this money into any other cause as he sees none at the present time that he deems worthy and therefore has decided that this bequest shall become a part of the residue of the estate of said deceased."

Mount Baker Area, Boy Scouts of America, a corporation, filed objections to the petition for distribution and prayed for a construction of the above quoted clause of the will. The court held that the provision created a trust and denied the petition for distribution, in so far as it sought to have the fund distributed as a part of the residuary estate. The executor appeals.

There are at least four essential elements to the creation of a testamentary trust: (1) Subject; (2) object; (3) beneficiary; and (4) an imperative command to the donee to apply the subject matter to the object for the use of the beneficiary.

It may be conceded that the first three elements are contained in the provision of the will here under consideration. The last is obviously wanting. Schouler, in his work on Wills, Executors and Administrators (6th ed.), vol. 2, p. 1515, § 1360, says: "Wherever a clear discretion to act or not to act is given equity will not construe a trust." This statement is supported by a veritable host of decisions. In the annotation to *Carter v. Strickland,* 165 N. C. 69, 80 S. E. 961, Ann. Cas. 1915D, 418, it is stated:

"Departing from the early English rule that the bare presence of precatory expressions in a devise or bequest charged the subject thereof with a trust, the courts now hold that the mere use of precatory words is not of itself sufficient to establish a trust. It must further appear from the testament as a whole that the testator intended the words used to be imperative to the exclusion of any discretion on the part of the devisee and not to be simply indicative of a course which would meet his approval but which can be rejected at the option of the devisee."

Many cases are cited in support of the statement. The following cases, decided subsequent to the annotation, are to the same effect: *Norman v. Prince,* 40 R.

I. 402, 101 Atl. 126; *In re Hamilton's Estate,* 181 Cal. 758, 186 Pac. 587; *Haight v. Royce,* 274 Ill. 162, 113 N. E. 71.

And this was one of the grounds upon which this court declined to declare a trust in the case of *In re Williams' Estate,* 167 Wash. 524, 10 P. (2d) 219. It was there said: "It [the will] indicates a bestowal upon the trustees of a complete discretionary power to convey or not to convey."

So, in the case at bar, absolute discretion having been bestowed by the testator upon his executor, no trust was created.

The judgment appealed from is reversed.

MAIN, MITCHELL, STEINERT, and GERAGHTY, JJ., concur.

TOLMAN, J. (dissenting)—In my opinion, the majority has erred in two very important particulars.

First, in holding that there is a necessity for an imperative demand that the money be applied to a particular use or for the benefit of a particular beneficiary, because the doctrine of uncertainty is by the better and the majority rule never applied to a trust for charity, and this is a charitable trust. 5 R. C. L. 339 *et seq.*

Second, in construing the will, we are bound to ascertain and give effect to the intent of the testator. We may not take one sentence or one set of words and disregard words which are equally important in arriving at a result. The majority, apparently, accepts as controlling the words "solely and entirely at the discretion and according to the judgment of said Robert E. L. Knapp" and wholly disregards the limitation which the testator placed upon the judgment of Robert E. L. Knapp by the later use of the words:

"If for any reason which shall be deemed sufficient in the judgment of said Robert E. L. Knapp, the ex-

penditure of said sum of one thousand dollars ($1,000) is not feasible for the purpose indicated, he may, at his discretion, use said sum for any cause or purpose which he may deem worthy.

"If no such cause presents itself, then this bequest shall become null and void."

Taking the will as a whole, as we are bound to do, it would clearly appear that the testator intended that Knapp, as executor, should use the one thousand dollar bequest in equipping Sea Scout Ship No. 60, unless it was not feasible to do so. What does "not feasible" mean? Webster's New International Dictionary, 2nd ed., defines "feasible" as follows:

"Capable of being done, executed or effected; possible of realization; as, your plan seems *feasible;* hence, successful in operation. Capable of being managed, utilized or dealt with successfully; suitable; likely; probable; reasonable."

It must be assumed that the testator used the words according to their ordinary meaning, and at any rate, in construing his will, we are bound to accept the ordinary meaning of the words used unless something appears to indicate that a different meaning was intended. It follows, therefore, that the will by its plain terms directs the expenditure of the money as indicated, if that can be sucessfully done, if it is practical to do so.

Mr. Knapp, in his position of trustee, was bound to determine fairly and without reference to his own personal advantage whether it was feasible to equip the boat. This, the trial court found (and the evidence supports his finding), Mr. Knapp did not do. On the contrary, he acted arbitrarily and, inferentially at least, in the interest of his own pocket, in deciding that the special bequest was not feasible and that, therefore, the one thousand dollars should become his own. He, being the residuary legatee, was placed in a posi-

tion where the burden was upon him to establish the fact that he dealt fairly in the matter. This he failed to do.

The judgment of the trial court should be affirmed.

MILLARD, C. J., BEALS, and HOLCOMB, JJ., concur with TOLMAN, J.