The question in this case is whether a bequest in a will is valid.
Martha Long died in Seattle, August 12, 1935, testate. She had made her will on the previous January 26. At the time of making her will, the testatrix was eighty-three years of age. After making certain recitals in the will, she bequeathed and devised to her executor, named therein, one-half of her estate, and the other half, as recited in the will:
"I hereby give, devise and bequeath to that person, or those persons who shall have rendered to me the greatest service in my declining months or years, the name or names of whom shall be selected and determined by my executor hereinafter named; my intent being to reward the person or persons who care for me most when I grow helpless in my last sickness, the name or names of whom I cannot now give."
It will be observed that, by this bequest, the testatrix delegated to the executor the right or power to select the beneficiary as the one who had rendered to her the greatest service in her declining months or years, and especially the person or persons who care most for her when she grows helpless, and especially "when I grow helpless in my last sickness, the name or names of whom I cannot now give."
The will was probated. The estate consisted of money in a bank in Seattle in the total amount of $1,024. In course of time, the executor made his final account, and recited therein that he had
". . . selected and determined that said Mrs. Agnes McKellar is the person who cared for deceased most during her last sickness and is entitled under the will of deceased to `the other half' of her estate."
The final account of the executor, including his selection of Mrs. McKellar as the one to receive the "other half" of the estate, was approved by the court, *Page 198 
from which order the supervisor of inheritance tax and escheat division of this state appealed.
[1] As above indicated, the question is whether a bequest, which leaves to the executor the right to select the beneficiary, is valid. It is a universal rule that the courts will seek for, and give effect to, the testator's or testatrix's intention, if it be lawful. Denton v. Schneider, 80 Wn. 506, 142 P. 9;Shufeldt v. Shufeldt, 130 Wn. 253, 227 P. 6. It is also a rule, of which there appears to be no disapproval, that a bequest which, by its terms, may be applied to objects which are not charitable in the legal sense, and to persons not defined by name or by class, is too indefinite to be carried out. Nichols v.Allen, 130 Mass. 211, 39 Am. Rep. 445, 26 R.C.L. 1189; Clark v.Campbell, 82 N.H. 281, 133 A. 166, 45 A.L.R. 1433; Tilden v.Green, 130 N.Y. 29, 28 N.E. 880, 14 L.R.A. 33, 27 Am. St. 487;In re Williams' Estate, 167 Wn. 524, 10 P.2d 219; In reMorton's Estate, 188 Wn. 206, 61 P.2d 1309.
Where a bequest or a devise disposes of funds for purposes other than charitable, and leaves the question of whether it is to be devoted to charitable purposes or to other uses, noncharitable, entirely to the discretion of the executor or executrix, the bequest or devise is not lawful. In re Sutro'sEstate, 155 Cal. 727, 102 P. 920; Mason v. Perry,22 R.I. 475, 48 A. 671.
In Early v. Arnold, 119 Va. 500, 89 S.E. 900, a testatrix, by her will, gave her real and personal estate to one of her sons, and provided that, if he "should die without heirs, I want it to go to whoever has been his best friend." It was there said:
"The expression `whoever has been his best friend' is too indefinite for any one to determine who was intended as the object of the testatrix's bounty. The *Page 199 
law requires the beneficiary of a testator to be pointed out with certainty."
In Kepley v. Caldwell, 96 Neb. 748, 148 N.W. 966, the testatrix's will provided that all property, not otherwise disposed of therein, should be paid and distributed by her executor
"`To such persons, respectively, as were my friends in my lifetime, and he may think suitable and appropriate, observing my wishes in regard thereto so far as he may know or have reason to believe what they were.'"
It was there said:
"The intention of testatrix, the legatees, and the bequests of property are too indefinite and uncertain for enforcement."
Returning now to the clause in the will in the case before us, as above pointed out, the will leaves it to the executor named therein, in the exercise of his judgment or discretion, to select the person who should receive one-half of the estate in accordance with the wishes of the testatrix expressed in the will. In making the selection of the person who should be the beneficiary, it was the executor's judgment that made the selection, and not that of the testatrix.
It should be noted that, under this bequest, there is no person or class of persons who have the right to come into court and demand the fund, and, in case of refusal, to compel compliance with the demand. If such were the case, a different question would be presented.
It also should be noted that the bequest here involved was not one of a public or charitable character, and, if such were the case, also, a different question would be presented.
It follows that the bequest of one-half of the estate to such person or persons as the executor might select *Page 200 
in the present case, was too indefinite to be enforced.
In the case of Chellew v. White, 127 Wn. 382, 221 P. 3, upon which the respondent appears to particularly rely, the court was considering a will which disposed of property for a charitable purpose, and it is therefore distinguishable.
The order will be reversed and the cause remanded for further proceedings not inconsistent with what has hereinbefore been said.
STEINERT, C.J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.