### MYRTLE MERCER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9400. Promulgated September 23, 1946.

*Winfield G. Boyd, C. P. A.*, for the petitioner.
*Douglas L. Barnes, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: On behalf of the petitioner it is contended that either the will of the decedent or the decree of distribution of his estate created a trust, the income of which is taxable according to the provisions of section 161 (a) (1) of the Internal Revenue Code as "income accumulated or held for future distribution under the terms of the will or trust." We think the contention is untenable. No evidence *aliunde* has been submitted bearing on the intent of the testator, and all we have upon which to base our decision is the language of the testator's will. That instrument certainly was not artfully drawn to accomplish the purpose for which petitioner is contending, and we are wholly unable to spell out from its language any implied trust intent on the part of the testator.

In *In re King's Estate*, 144 Wash. 281; 257 Pac. 848, the Supreme Court of Washington stated that no testamentary trust will be declared except when it clearly appears that such was the testator's plain intention. Furthermore, if the will itself does not provide for a trust, then surely the decree of distribution, which is phrased in almost the identical wording of the will, can not have the effect of creating a trust.

Not only is there an absence of trust intent on the part of the decedent, but petitioner's actions do not demonstrate any understanding on her part that the property acquired by her should be held in trust. She kept no records segregating the alleged trust income from her own income, and she maintained but one bank account, in her individual name, and commingled therein both the income from her own half interest in the property of the former community and the income from the half interest acquired from her husband.

To us it appears that the more probable intent of the decedent was to give his wife a life estate in his interest in the community property, with full enjoyment of the income the property might produce during that period. Perhaps the somewhat peculiar phraseology employed is but recitative of the testator's motive in making the gift, but we think that in addition the testator wished to exempt her from the necessity of preserving the property intact for the remaindermen,

as in the case of more conventional life estates, and to allow her to consume such portion of the property itself as might be necessary for her comfort and support, should the rents, issues, and profits therefrom at any time prove insufficient for that purpose.

This construction seems to be in harmony with the decision of the Supreme Court of Washington in *Porter* v. *Wheeler*, 131 Wash. 482; 230 Pac. 640. In that case the testator's will bore a strong resemblance to the will of Willis Mercer. It provided:

I give and devise and bequeath to my wife Mary Wheeler Porter all the balance of my property real, personal and mixed of which I may die seized, \* \* \* to be used and enjoyed by her during her lifetime, and at her death, I will that all of said property not used for her support and comfort, go to my said son Alvah Porter.

And the court said:

We shall not attempt to give to this estate so vested in Mary Wheeler Porter any technical legal name. It seems to be something more than an ordinary conventional life estate, since the language of the will does not limit her right to the bare use of the property, in the sense of limiting her right to the income therefrom, with a view of preserving the property during her lifetime, but manifestly gives her the right to support and comfort from the property, even though it be consumed in furnishing her support and comfort during her lifetime. \* \* \*

For the reasons stated, we conclude that the respondent's determination was correct and should be approved.

*Decision will be entered for the respondent.*