[No. 33471.  Department Two.  February 23, 1956.]

*In the Matter of the Estate of* COLEMAN W. MILTON,
*Deceased.*

ALFRED PORTWOOD, JR., *et al., as Executors, Respondents,* v.
CLIFFORD MINKLER, *Appellant.*[1]

*A. V. Stoneman* and *Zane B. Johnson,* for appellant.

*Marion Garland, Jr., Wm. R. Garland,* and *John A. Bishop,*
for respondents.

[1]Reported in 294 P. (2d) 412.

HILL, J.—This case represents an effort by the executors of an estate to recover possession of ten thousand dollars, the proceeds of a National Service Life Insurance policy on the life of the decedent, from the beneficiary to whom it was paid, in order that it might be used to pay the debts of the estate and the expenses of administration.

Coleman W. Milton had a National Service Life Insurance policy in the amount of ten thousand dollars, the proceeds of which he desired to have applied to the debts of his business, funeral expenses, and expenses of administration of his estate. A few weeks before he died, he designated a friend, Clifford Minkler, as beneficiary of the policy.

He also executed a will in which, after a bequest of his business to two employees, including "the Good Will, accounts receivable, equipment, vehicles, leases and all bank accounts used in relation to said business" (but with no indication that it was to be free and clear of all debts), he gave and bequeathed

". . . All the rest and residue of my property, my personal possessions and the personal automobile that I may have at the time of my death, whether used in my business or not, . . . unto CLIFFORD MINKLER . . . subject to the below mentioned provision and exceptions."

In the following paragraph, he "excluded from the above bequest" a watch which he bequeathed to a cousin. The next paragraph reads as follows:

"Eighth, The above residuary legacy is given *in contemplation and on the condition* that the residuary legatee, Clifford Minkler, will pay all expenses of the last illness, funeral expenses, and costs of administration and other debts of my estate, and that in the event he should fail so to abide by this request, then and in that event his legacy shall cease and terminate and he shall take nothing thereby, and the proceeds of same shall be given unto GLENN MITCHELL and ALFRED PORTWOOD, JR., [the two employees] above named. It is *contemplated* that the funds for the purpose of paying the above indebtedness will be derived from the proceeds of my life insurance as to which the residuary legatee is beneficiary." (Italics ours.)

While the will clearly establishes that Milton desired

Minkler to pay his debts, funeral expenses, and the costs of administration with the proceeds of the insurance policy (and the testimony of Milton's attorney, if admissible, not only substantiates the will in this regard but establishes that such was the decedent's intention in changing his insurance beneficiary and drawing his will), there is no evidence that, during his lifetime, Milton ever communicated that desire to Minkler. Minkler's testimony is that he did not know that he had been designated as beneficiary of the insurance policy or had been made residuary legatee under the will until after Milton's death. There is no evidence to the contrary.

After Milton's death, the insurance proceeds were paid to Minkler as the named beneficiary. He also took possession, as residuary legatee under the will, of certain personal property which he still has in his possession.

In addition to more than nine thousand dollars in claims against the estate, there were funeral expenses and expenses of administration aggregating sixteen hundred dollars. Minkler refused to assume any responsibility for the obligations of the estate, to apply the ten thousand dollars to the payment of those obligations, or to turn the money over to the executors.

The executors are here proceeding under their second amended petition for the recovery of property, asking: (a) that Minkler be required to deliver the proceeds of the National Service Life Insurance policy to them for the payment of the debts and expenses of the estate; or (b) in the alternative, if it should be determined that Minkler is under no obligation to pay the debts out of the proceeds of the insurance policy, that an order be entered requiring him to return all the property (or the proceeds thereof) in his possession which was formerly the property of the decedent.

Minkler asks that the alternative relief requested be granted and that the "petition be otherwise dismissed." In effect, he concedes that, since he is not paying the obligations of the estate as requested, he is not entitled to retain

the property (or the proceeds thereof) he acquired as residuary legatee.

The trial court ordered Minkler to pay into the registry of the court the amount of ten thousand dollars, to be subject to disbursement on further order of the court for the purpose of payment of the costs of administration, funeral expenses and other debts of the decedent, and for further distribution. Minkler appeals.

The order of the trial court must be reversed. The executors failed to prove any right to the proceeds of the National Service Life Insurance policy.

By both the state and Federal statutes, the proceeds of an insurance policy such as the one here involved are exempt from the claims of creditors. Laws of 1947, chapter 79, § .18.41, p. 374 [cf. RCW 48.18.410]; 38 U. S. C. §§ 454a, 816.

The intention of a testator to appropriate exempt property to the payment of debts must appear by clear and apt language. *German-American State Bank v. Godman* (1915), 83 Wash. 231, 145 Pac. 221.

The executors urge that Minkler holds the proceeds of the insurance policy in trust for payment of the debts of the estate. The cases upon which they rely, such as *Burgess v. Murray* (1952), 194 F. (2d) 131; *Ambrose v. United States* (1926), 15 F. (2d) 52; *Christensen v. Christensen* (1926), 14 F. (2d) 475; *Shelly v. McKimmons* (1939), 32 Cal. App. (2d) 711, 90 P. (2d) 842 (certiorari denied, *Davis v. Shelly*, 308 U. S. 610, 84 L. Ed. 510, 60 S. Ct. 174), as authority for the proposition that a trust may be imposed upon the proceeds of a National Service Life Insurance policy in the hands of a beneficiary, are not in point, since in each of them there was evidence that the insured, in his lifetime, communicated to the beneficiary his wishes for the use of the proceeds or promised, for a good consideration, to designate the plaintiff as beneficiary. Minkler became entitled to the proceeds of the policy before he was advised as to what Milton expected or contemplated the beneficiary would do with the proceeds.

█ The will itself does not direct the uses to be made of the proceeds of the testator's insurance. In the last sentence of the quoted "eighth" paragraph, the testator "contemplated that the funds for the purpose of paying" his debts, etc., "will be derived from the proceeds of my life insurance as to which the residuary legatee is beneficiary." He did not require that the proceeds be used for that purpose, and he provided no condition or penalty in the event they were not so used. "Contemplated" is a precatory word, a word of desire or expectation and not of command.

In the first sentence of that paragraph, the testator stated that the bequest to Minkler was made "in contemplation and *on the condition*" (italics ours) that he pay the debts of the estate and other expenses as set forth therein. The result of failure to so pay was stated to be the loss of the legacy. It is to be noted that it is not the word "contemplation" but the addition of the words "on the condition" which makes it mandatory for Minkler to pay the obligations of the estate if he is to be the residuary legatee under the will.

The executors urge that, because a condition was attached to what the testator contemplated in the first sentence of the paragraph, a condition was implied in the next sentence. The testator having demonstrated that he knew how to implement what he contemplated, we would conclude that his failure to implement his second contemplation was intentional. In any event, the stated condition relates to a bequest contained in the will of which it is a part; any implied condition would relate to an entirely different transaction.

██ To impose a testamentary trust as to the use to be made of insurance proceeds, something more than a wish, desire, or expectation must be expressed by the testator as to the activities of the beneficiary as trustee. *In re Mac-Adams' Estate* (1954), 45 Wn. (2d) 527, 276 P. (2d) 729; *In re King's Estate* (1927), 144 Wash. 281, 257 Pac. 848. Here, as in *German-American State Bank v. Godman, supra,* we find no clear and apt language in the will which appropriates exempt property to the payment of the testator's

debts. Because there is no positive direction in the will in this regard, we do not need to decide whether, under the circumstances of this case (no communication to the beneficiary by the insured during his lifetime as to his desires and intentions), a positive direction in the will as to such distribution would be effective. Milton neither directed the distribution of the proceeds of the insurance policy nor created a trust for that purpose.

There are findings from which it appears that Minkler, with knowledge of the conditions of the will, with knowledge that the assets of the estate which would pass under the residuary clause were of nominal value, and with information that the debts of the estate were in excess of eight thousand dollars, took possession of all or practically all of the personal property that he would receive under the residuary bequest. (This he now concedes he should be directed to return.) The court made a finding which is more properly a conclusion of law: "That the respondent [Minkler] has elected to take substantial benefit and property under the terms of decedent's will."

The question as to whether such an election is irrevocable is not before us; nor is the question as to how the executors could enforce any obligations assumed by Minkler if the election is irrevocable. The only issue relative to the election argued here is the contention made by the executors in support of the judgment that, having elected to take under the will, Minkler, as beneficiary of the insurance, is obligated to apply the proceeds thereof to the obligations of the estate enumerated in the will. As we have heretofore indicated, that is a *non sequitur*. His right to the proceeds of the insurance policy does not come from the will, and the will does not purport to make his right to the proceeds contingent upon his payment of the obligations of the estate.

The order appealed from is reversed, with instructions to dismiss so much of the executors' petition as relates to the proceeds of the National Service Life Insurance policy. The executors are entitled, if such is still their desire, to the alternative relief which they requested and to which Minkler

has agreed, *i.e.*, that there be entered an order requiring Minkler to return all the property (or the proceeds therof) in his possession which was formerly the property of the decedent.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.