[No. 38167.   Department Two.   September 8, 1966.]

*In the Matter of the Estate of* ELIZABETH L. SHAW, *Deceased.*
JOHN KOHL DANKS, *Appellant*, v. WANDA L. BROOKS
*et al., Respondents**

*Gordon L. Creighton* and *Charles S. Helm*, for appellant.

*Shidler, McBroom & Gates, William H. Gates, Jr., James R. Irwin*, and *Jerry T. Haggarty*, for respondents.

HAMILTON, J.—This is a will construction case arising out of two paragraphs in the will of Elizabeth L. Shaw, a widow, who passed away on April 3, 1963. The sole issue is whether Mrs. Shaw, by her will, intended to bequeath a portion of the residue of her estate to appellant, her grandson John Kohl Danks (formerly Ross L. Shaw, Jr.).

Briefly, the pertinent familial background is as follows: The testatrix, Elizabeth L. Shaw, had three children, George S. Shaw, Margaret Mary Shaw Trapp, and Ross L. Shaw.

*Reported in 417 P.2d 942.

In 1930, the son Ross L. Shaw married Francis Grace Kohl. One child, appellant, was born of the marriage in the latter part of 1931. In 1933, this marriage was dissolved by divorce. The custody of appellant was awarded to his mother. Thereafter, appellant's parents remarried. Appellant's mother, Francis Grace Shaw, married one Gene Danks, who in 1940 adopted appellant and formally changed his name to John Kohl Danks. Appellant's father, Ross L. Shaw, married Wanda L. Brooks. Of this marriage two girls were born, Patricia and Kathleen Shaw. At the time Elizabeth L. Shaw executed her will (March 24, 1959) and at the time she passed away (April 3, 1963), the two girls were minors. During this interval, however, Ross L. Shaw died. All other prospective heirs survived the testatrix.

The pertinent portions of the two paragraphs of testatrix' will, around which this controversy chiefly revolves, are as follows:

THIRD: All the rest, residue and remainder of my estate of every kind and nature, whether real, personal or mixed, and wherever situated, over which I have any disposing power at the time of my death, shall be divided into three (3) equal parts.

The first part I give, devise and bequeath to my son, GEORGE S. SHAW, if he survives me. If he does not survive me, then the first part I give, devise and bequeath to his wife and children in equal shares.

The second part I give, devise and bequeath to my daughter, MARGARET MARY TRAPP, if she survives me. If she does not survive me, then the second part I give, devise and bequeath to her husband and children in equal shares.

From the third part I give, devise and bequeath three-fourths thereof unto my son, Ross L. SHAW, if he survives me. If he does not survive me, then said three-fourths of said third part shall be divided into equal shares, one share for the wife of my said son if she survives me, and one share for each of the then surviving children of my said son; and the share of my said son's wife shall be distributed to her, and the shares for his children shall become a part of the remainder of the third part for distribution to my trustee as hereinafter set forth. The remainder of the third part I give, devise and bequeath unto SEATTLE-

First National Bank, a national banking association, of Seattle, Washington, and its successor or successors, as Trustee and In Trust under the provisions of paragraph Fourth of this will, which paragraph immediately follows this paragraph.

Fourth: Trustee shall hold, administer, pay and distribute the trust under the following provisions:

1. The trust shall be for the primary benefit of my grandchildren, Patricia Shaw and Kathleen Shaw, who are daughters of my son, Ross L. Shaw. Commencing as of the date of my death and continuing until the first of said grandchildren shall attain the age of twenty-five (25) years, Trustee is authorized to expend income or principal or both in such amounts as Trustee within its sole discretion shall deem advisable for the maintenance, health, welfare and education of said grandchildren without being required to apportion benefits equally between them, but having in mind their particular needs and other resources, if any, insofar as known to Trustee. Without diminishing or limiting the authority and discretion given to Trustee, I recommend to Trustee that it have in mind the responsibility of my son Ross supporting and educating and maintaining said children while they are dependent and while he is able so to do.

When the first of said grandchildren shall attain the age of twenty-five (25) years, the then remainder of the trust estate, if any, shall be divided into two shares, one for each of said grandchildren. In dividing the estate into shares, Trustee is authorized to estimate the amount necessary to add to the share of the younger child in order to approximately equalize the benefits for said grandchildren, having in mind for this purpose only the additional benefits the elder grandchild will have received in connection with advanced education after completion of high school, and after setting aside such an amount as so determined by Trustee within its sole discretion, the then remainder of the estate shall be divided into two equal shares and the amount, if any, first set aside for the younger child shall then be added to the younger child's share and the share of the child who shall have attained the age of twenty-five (25) years shall be distributed to her. The share for the younger grandchild shall continue in trust for her benefit as before and shall be distributed to her when she attains the age of twenty-five (25) years.

In the event of the death of either of said grandchildren

before receiving distribution of her full share, then the remainder, if any, of her share shall be held for the benefit of the other grandchild and be distributed to the other grandchild when attaining the age of twenty-five (25) years.

The trial court concluded that the purport of the foregoing paragraphs and the intent of the testatrix, to be derived therefrom, was to provide only for the granddaughters, Patricia and Kathleen Shaw, to the exclusion of appellant. Distribution of the residue of the estate was decreed accordingly, and it is from this interpretation of the will that this appeal comes.

In support of his assignments of error, appellant isolates from the context of the quoted testamentary paragraphs the following language:

From the third part I give, devise and bequeath three-fourths thereof unto my son, Ross L. SHAW, if he survives me. If he does not survive me, then said three-fourths of said third part shall be divided into equal shares, one share for the wife of my said son if she survives me, and one share for each of the then surviving children of my said son; . . . .

From this language, appellant extrapolates (a) the testatrix intended a class gift to the surviving children of Ross L. Shaw, of which he is one, and (b) the trust provisions of the fourth paragraph of the will do not and cannot delimit appellant's right to share in the estate.

We, as did the trial court, disagree.

■ The rules applicable to our review of the decree of distribution are succinctly stated in *In re Johnson's Estate,* 46 Wn.2d 308, 312, 280 P.2d 1034 (1955), as follows:

In construing a will, the courts will seek for and give effect to the intent, scheme, or plan of the testator if it be lawful. [Citing cases.]

The testator's intent, scheme, or plan must be ascertained from the four corners of the will, if possible. [Citing cases.]

Generally, a provision of a will must be construed in the light of the entire instrument. [Citing cases.]

Furthermore, as we stated in *In re Thomas' Estate*, 17 Wn.2d 674, 136 P.2d 1017, 147 A.L.R. 598 (1943) and *In re MacAdams' Estate*, 45 Wn.2d 527, 276 P.2d 729 (1954), courts must endeavor to give effect to every part of the will being construed, and must make a reasonable effort to reconcile two seemingly inconsistent provisions, bearing in mind, however, that an unambiguous provision will not be controlled or modified by a doubtful or ambiguous provision.

In the instant case, a reading of the entire will, and particularly those paragraphs quoted above, convinces us that the testatrix' intent, scheme or plan did not embrace a gift to appellant. When the last paragraph of the third paragraph is read in context with the fourth paragraph of the will, it appears certain and clear that the testatrix intended to (a) give three fourths of the third part of the residue to her son, Ross L. Shaw, if he survived her, and one fourth of the third part in trust for the benefit of and to be ultimately distributed to her granddaughters, Patricia and Kathleen, and (b) in the event of her son's intervening death, to give one fourth of the third part of the residue to his widow and three fourths in trust for the benefit of and to be ultimately distributed to the named granddaughters.

Appellant's argument, based upon an isolated portion of the will and interwoven into the theory of a class gift, does not overcome the unambiguous import of the third and fourth paragraphs of the will, which, when read together, clearly order the beneficial use and ultimate distribution of all but the widow's share of the third part of the residue to her named granddaughters. The testatrix simply made no provision, and left no reasonably discernible financial room for interpolating a provision, for the benefit of appellant. To hold otherwise would amount to redrafting the will.

The decree of distribution is affirmed.

ROSELLINI, C. J., HILL, FINLEY, and WEAVER, JJ., concur.