[No. 5168–1.   Division One.   June 5, 1978.]

*In the Matter of the Estate of*
ELOISE LORRAINE BROOKS.

TOMMY BROOKS, *Respondent,* v. SHARON MORTON,
*Appellant.*

*Webster, Kroum & Bass* and *Gary F. Bass,* for appellant.

*P. J. Sferra,* for respondent.

DORE, J.—This is an appeal from a King County Superior Court ruling that certain language in a will created a trust.

Eloise Brooks, a divorced woman, died September 21, 1974, survived by her two minor children. She left a will dated March 14, 1974, which named her sister, Sharon Morton, as executrix. The will left certain specific property to her two children and appointed Sharon Morton to be guardian and have actual custody of the children. Paragraph VI of the will provided:

> I hereby give, devise, and bequeath unto my sister, Sharon Nelson Morton, all the rest, residue and the remainder of my estate, for her to use in her own discretion and in whatever manner she deems appropriate for the benefit of my children.

The will was admitted to probate October 11, 1974, and proceedings ensued normally until August 19, 1976, when the natural father moved, on behalf of the children, for an accounting of a trust allegedly created by paragraph VI. Although Sharon Morton contended that no trust had been created the court found

> that all property passing under paragraph VI of [the will] is held in trust for the benefit of said minor children and

further that there is a conflict of interest for the Executrix to serve also as Trustee . . .

Thereupon the court appointed a new trustee and ordered him to make an accounting.

■ It is well established that in construing a will a court must attempt to give effect to the intent of the testator. *In re Estate of Griffen,* 86 Wn.2d 223, 543 P.2d 245 (1975). The will should be construed as a whole. *In re Estate of Price,* 75 Wn.2d 884, 454 P.2d 411 (1969). Where there is room for construction, that meaning will be adopted which favors those who would inherit under the laws of intestacy, *In re Estate of Price, supra; In re Estate of Lambell,* 200 Wash. 220, 226, 93 P.2d 352 (1943), and a sole surviving natural heir who is a minor is favored. *Cotton v. Bank of California,* 145 Wash. 503, 261 P. 104 (1927).

■ Before a trust will be found to exist, there must be a clear manifestation of an intent to create a trust and not to do something else. *Hoffman v. Tieton View Community Methodist Episcopal Church,* 33 Wn.2d 716, 207 P.2d 699 (1949). A testamentary trust will not be declared, unless such a trust is clearly intended by the testator. *In re Estate of King,* 144 Wash. 281, 257 P. 848 (1927). It has generally been held that an imperative command to dispose of the property for the benefit of another is required to create a testamentary trust. *In re Estate of Morton,* 188 Wash. 206, 61 P.2d 1309 (1936). Precatory words are not enough to create a trust and if the grantee has discretion to use the property for herself the court will not find a trust. *Lanigan v. Miles,* 102 Wash. 82, 172 P. 894 (1918).

The issue is whether Eloise Brooks manifested an intention to impose duties upon Sharon Morton which are enforceable in the courts. *See* Restatement (Second) of Trusts § 25. If so, there is a trust.

■ The language of paragraph VI which conveyed the estate to Sharon Morton "for her to use . . . for the benefit of my children" is strongly suggestive of a trust. Other language in the clause, however, suggests that Sharon Morton was to hold the property free and clear with the option to

comply with the wish of the testator only if she desired to do so. When necessary, extrinsic circumstances may be considered as an aid in determining intention. *In re Estate of MacAdam,* 45 Wn.2d 527, 531, 276 P.2d 729 (1954). *In re Estate of Quick,* 33 Wn.2d 568, 573, 206 P.2d 489 (1949). Restatement (Second) of Trusts § 25, comment *b* sets forth circumstances pertinent to this inquiry:

> In determining the intention of the settlor the following circumstances among others are considered: (1) the imperative or precatory character of the words used; (2) the definiteness or indefiniteness of the property; (3) the definiteness or indefiniteness of the beneficiaries or of the extent of their interests; (4) the relations between the parties; (5) the financial situation of the parties; (6) the motives which may reasonably be supposed to have influenced the settlor in making the disposition; (7) whether the result reached by construing the transaction as a trust or not a trust would be such as a person in the situation of the settlor would naturally desire to produce.

*In re Estate of MacAdams, supra; In re Estate of Quick, supra.*

▉ Considering these circumstances along with the language of the will we believe that a trust was intended. The language "for her to use . . . for the benefit of my children" is more imperative than precatory. Although Morton was given apparent uncontrolled discretion in using the funds for the benefit of the children, this fact neither defeats the trust nor gives Morton unlimited power. *See* Restatement (Second) of Trusts § 187, comment *j; In re Sullivan's Will,* 144 Neb. 36, 12 N.W.2d 148, 150–51 (1943). Other considerations control. The property and beneficiaries are definite. *See In re Estate of Hochbrunn,* 138 Wash. 415, 244 P. 698, 49 A.L.R. 7 (1926). Most significant is the readily ascertainable motive of Eloise Brooks. By her will she was providing for the welfare of her children, not for her sister. Sharon Morton was given the property of the estate, not for her own use, but to use in raising the two children. It is inconceivable that the testator intended Sharon Morton's

discretion to include the discretion *not* to use the property to benefit the children. We therefore adopt the construction most favorable to the children, *In re Estate of Price, supra; In re Estate of Lambell, supra; Cotton v. Bank of California, supra,* and conclude there was a trust. *Cf.* Restatement (Second) of Trusts § 25, illustration 6. Duties were imposed on Sharon Morton which are enforceable in the courts.

However, we feel that the trial court erred in removing Sharon Morton as trustee. There is no doubt that Brooks intended Morton, who was to be physically raising the children, to use the money *as she saw fit* to benefit the family unit of Morton and the two children. Absent a showing of an abuse of discretion or a breach of fiduciary duty we hold it was error to remove Sharon Morton as trustee and we reverse the order of the trial court insofar as it removed Sharon Morton as trustee.

Affirmed in part; reversed in part.

FARRIS, C.J., and RINGOLD, J., concur.