[No. 19587.   Department Two.   April 2, 1926.]

*In the Matter of the Estate of* FERDINAND HOCHBRUNN, *Deceased.*

LAURA CAHILL *et al., Appellants,* v. ELISE FROCH, *Respondent.*[1]

[1] WILLS (71)—CONSTRUCTION—ESTATE IN TRUST—PRECATORY WORDS SUFFICIENT TO CREATE TRUST. An enforcible precatory trust is created out of the residuary bequest to deceased's brother, named as an executor, where the bequest was "with the special request" that he pay $10,000 to a sister in Germany, as soon as possible after his decease, "in installments if necessary" but without any "unnecessary delay," where there were ample funds from which to pay the same, and no inconsistent provisions in the will; especially in view of the general and statutory rule (Rem. Comp. Stat. § 1415) that the intention of the testator, expressed in the will, controls.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 2, 1925, on an order directing distribution of a portion of a decedent's estate. Affirmed.

*Harry I. Stafford* and *Tennant & Carmody,* for appellants.

*Herr, Bayley & Croson* and *Ofell H. Johnson,* for respondent.

MITCHELL, J.—The appeal in this case is from an order in favor of Elise Froch, *nee* Hochbrunn, directing distribution of a portion of the estate of Ferdinand Hochbrunn, deceased. The decedent, Ferdinand Hochbrunn, died in, and a resident of, King county, Washington, on October 13, 1921, leaving a will, which was admitted to probate in the superior court of that county on January 19, 1922. This action involves the construction of the following provision of the will:

[1]Reported in 244 Pac. 698.

"FIRST. After all just claims against my estate shall have been adjusted and satisfied in full, including those of my last illness, funeral expenses, burial grounds, and the sum of Five Hundred ($500.00) Dollars to each of my executors, hereinafter named, I give and bequeath to my brother Henry Hochbrunn, now residing at No. 371 29th Street, San Francisco, California, the entire residue and remainder of my estate to which I may be entitled at the time of my decease, both real, personal or mixed, and wheresoever located at the time of my decease, with the special request to my said brother that he pay to my sister, Elisa Hochbrunn, of Schwerin, Mecklenburg-Schwerin, Germany, the sum of Ten Thousand ($10,000.00) Dollars out of the proceeds of my estate as soon as possible after my decease; the same may be paid to her by installments, if necessary, but request that no unnecessary delay be made, provided she may survive me."

If the language in the will created a trust in favor of the respondent, the judgment appealed from must be affirmed.

It is unnecessary to discuss the origin, or to review the great number, of judicial decisions in England and in this country with regard to the application of the doctrine of precatory trusts. The sum total of the doctrine is succinctly stated in the case of *Hunt v. Hunt,* 18 Wash. 14, 50 Pac. 578, as follows:

"A precatory trust arises out of words of 'entreaty, wish, expectation, request or recommendation, frequently employed in wills,' and a trust has been created by such words as 'hope,' 'wish,' 'request,' etc., if they be not so modified by the context as to amount to no more than mere suggestions to be acted upon or not according to the caprice of the interested devisee, or negatived by other expressions indicating a contrary intention, and the subject and object be sufficiently certain."

In that case, it was found that no trust had been created by the will and codicil involved, for the reasons

that other expressions in the instruments indicated a contrary controlling intention, and that the specific amount mentioned in the so-called trust clause, together with other direct specific bequests, more than exhausted the estate which the testator possessed. Neither of those reasons applies in this case, as will be observed from the language of the will, and in consideration of the fact that, without taking into account any other property belonging to the estate, there remained in the hands of the executor, upon his making his final report and petition for distribution, more than $23,000 in cash to be distributed.

The fundamental and controlling rule for the construction of wills is familiar. It is as stated by the Chief Justice in *Smith v. Bell,* 6 Pet. (U. S.) 68; 8 L. Ed. 322, as follows:

"The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law."

Our own cases are to the same effect. They are listed in *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6, and notwithstanding the general familiarity of the rule, it is so provided by statute in this state. Section 1415, Rem. Comp. Stat.

[1] Now, noticing the language in this will it will be seen that the bequest to the brother, with the request that he apply a designated portion of it to the benefit of the testator's sister, is all contained in a single, continuous paragraph. The two ran together in the testator's mind. The benefit for the sister is immediately associated with the bequest to the brother. It was not only his request, but special request, that the brother in this country pay a specified portion of the bequest to him to his sister in Germany. The execu-

tors named in the will were residents of Seattle and, though "long time friends" of the testator, manifestly were not relatives. The benefit to the sister, instead of being for delivery direct through the executors, was intrusted to a brother. That was the testator's way of giving it to his sister. The amount to be paid is not subject to the discretion of anyone. It is certain, $10,000. The time for the payment of it was made as certain as it was possible to fix it, "as soon as possible after my decease." There is the picture of at least relatively necessitous circumstances on the part of the sister, which of itself shows the intent of the testator. It says "the same may be paid to her by installments, if necessary." And, not yet satisfied, he added "but request that no unnecessary delay be made." The object of his bounty was his sister. Can there be any question as to what he meant? Why should he be so specific and insistent, unless he intended to fasten upon the legacy to his brother a trust in favor of his sister to a portion of it in an amount precisely mentioned. True he used the word "request," made more important by the qualifying word "special;" but, although intending $10,000 for his sister, he was, by his language "special request" used in the will, addressing his brother. "The mode is only civility," according to the phrase of Lord Loughborough in *Malim v. Keighley*, 2 Ves. Jr. 333, 529.

Where a person makes a special request of another who is independent of him, it may be altogether ignored; but if in making a bequest to him capable of being fulfilled, and, in the same instance, specially requests that a portion of it be paid to another at a time sufficiently definite, the courteous language used makes it no less imperative than if he had commanded or ordered it to be paid. There is no technical meaning

of the words "special request," or even the simple word "request," inconsistent with its being a common word that anyone, whether layman or lawyer, may use in his will to express his intention of imposing an obligation.

In *Colton v. Colton,* 127 U. S. 300, 32 L. Ed. 138, it was said:

"It is an error to suppose that the word 'request' necessarily imports an option to refuse, and excludes the idea of obedience as corresponding duty. If a testator requests his executor to pay a given sum to a particular person, the legacy would be complete and recoverable. According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator; as where a testator desired that all of his just debts, and those of a firm for which he was not liable, should be paid as soon as convenient after his decease, it was construed to operate as a legacy in favor of the creditors of the latter. *Burt v. Herron,* 66 Pa. St. 400. And in such a case as the present it would be but natural for the testator to suppose that a request, which, in its terms, implied no alternative, addressed to his widow and principal legatee, would be understood and obeyed as strictly as though it were couched in the language of direction and command."

The words "request" and "desire" used in wills have often been held to be imperative and entirely sufficient to create a trust. Some of such cases, which in turn refer to many others, are as follows: *Trustees, etc. v. Epsom School District,* 75 N. H. 408, 75 Atl. 100; *In re Hamilton's Estate,* 181 Cal. 758, 186 Pac. 587; *Daly v. Daly,* 142 Tenn. 242, 218 S. W. 213; *Seefried v. Clarke,* 113 Va. 365, 74 S. E. 204; *Hess v. Singler,* 114 Mass. 56; *Deacon v. Cobson,* 83 N. J. Eq. 122, 89 Atl. 1029; *In re Dewey's Estate,* 45 Utah 98, 143

Pac. 124, Ann. Cas. 1918A 475; Story, Equity Jurisprudence (14th ed. 1918) vol. 3, § 1444.

There are cases, cited by the appellants, holding such trusts were not created, such as the *Hunt* case, *supra*, *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894, and others, upon an examination of which it will be found that the language employed in the instruments under consideration was mediately or immediately used in connection with other inconsistent and more dominating provisions of the instruments, or lacking in definiteness and certainty as to amount, or left optional with the legatee to comply or refuse. A review of those cases to show their inapplicability to the present case we think would serve no useful purpose.

It is conceded by the parties in this case that the given name of the sister written in the will as "Elisa" was an error and intended for "Elise," the true given name.

Following the provision of our code, already referred to, that "all courts and others concerned in the execution of last wills shall have due regard to the direction of the will, and the true intent and meaning of the testator, in all matters brought before them," we are satisfied that a trust was created by the testator which is enforcible, and that the order and decree appealed from must be, and it is affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.