LUCILLE E. BYARS V. T. B. BYARS ET AL.

No. A-146. Decided June 14, 1944.
Rehearing overruled October 4, 1944.
(182 S. W., 2d Series, 363.)

MR. JUSTICE SHARP dissents.

*Bryan & Maxwell,* of Waco, for petitioner, Lucille E. Byars.

It was error for the Court of Civil Appeals to hold that the request of testator that the insurance in excess of $7,500.00 be divided between his wife and his brothers living at the time of his death, was mandatory. Weller v. Weller, 54 S. W. 652; Moore v. City of Waco, 85 Texas 206, 20 S. W. 61; Darragh v. Barmore, 242 S. W. 714.

*Naman, Howell & Boswell* and *Wilford W. Naman,* all of Waco, for respondents, T. B. Byars, et al.

The most fundamental of all rules in the construction of wills is the rule that testamentary intent, discoverable from the entire instrument, should govern. Such intent will override and disregard any arbitrary rules of interpretation or legal significance, attached to the use of certain words and phrases, and such words as desire, wish, or request, being mandatory words should be construed as expressing the will and purpose of testator. Busby v. Lynn, 37 Texas 146; Fleck v. Baldwin, 141 Texas 340, 172 S. W. (2d) 975; Dulin v. Moore, 96 Texas 135, 70 S. W. 742; 44 Texas Jur. p. 724, sec. 161.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit for the construction of the will of George E. Byars, deceased, particularly of that part of the will by which the testator requested his surviving wife, who is petitioner herein, to divide among herself and his brothers a part of the collections from his life insurance policies. The suit was brought by petitioner against respondents, the three brothers of George E. Byars, deceased.

The will, which was executed in January, 1942, except for introductory paragraphs, is as follows:

## "III.

"I do hereby give and bequeath to my nephew, George P. Byars, my technical library and all books and data, circulars and pamphlets pertaining to technical matters.

"It is my wish that upon my death, my said executors deliver to the said George P. Byars such library within a reasonable time after my death.

## "IV.

"I have certain life insurance policies, a part of which are payable to my wife, Lucille E. Byars, and the balance payable to my estate.

"I do hereby give and bequeath all of my insurance of every kind and nature that I may have at the time of my death, to my beloved wife, Lucille E. Byars, and I do hereby direct her and my brother, E. C. Byars, executors hereinafter named, to take the necessary steps after my death to collect all of such insurance on the several policies that I may hold at the time of my death.

"After said insurance has been collected, I request my beloved wife, Lucille E. Byars, in the event the total collections from my several insurance policies should exceed the sum of Seventy-five Hundred & no/100 ($7500.00) Dollars, then and in that event I request that the remaining balance, after the payment to her of the $7500.00 be divided among herself and any of my brothers who may be living at said time, share and share alike.

"In the event, however, the total amount of the insurance collected does not amount to the sum of $7500.00 net, then and in that event, no such distribution as herein provided is requested.

## "V.

"All properties, both real and personal, of which I may die seized and possessed, I do hereby bequeath the same to my beloved wife, Lucille E. Byars.

"VI.

"Having full faith and confidence in my beloved wife, Lucille E. Byars, and my brother, E. C. Byars, I do hereby appoint them Independent Executors of my estate without Bond and ask that no action be taken in the County Court, except to probate this will and return an inventory and appraisement, as provided by law."

By agreed statement the following facts are shown: George E. Byars left surviving him his widow, Lucille E. Byars, and three brothers. There were no children. The executors, Mrs. Byars and one of the brothers, duly qualified. At the time of the death of George E. Byars there were three policies insuring his life, two of them payable to Mrs. Byars, one being for $2,500.00 and the other for $3,000.00. The proceeds of the two policies were paid to Mrs. Byars. The third policy, being a term policy for $5,000.00 expiring in the year 1946, was payable to the estate of the insured. He died in 1942. The proceeds of this policy were collected by the executors and are now held by them. All of the premiums were paid out of community funds of George E. Byars and his wife, Lucille E. Byars.

The trial court construed the request in the will as to the division of the proceeds of life insurance in excess of $7,500.00 to be precatory only and not mandatory, and concluded that the testator did not by that provision intend to create a compulsory requirement, but intended to express and "did in such provision simply express to his surviving wife a desire."

The Court of Civil Appeals, reversing the trial court's judgment and rendering judgment for respondents herein, held that "the testator meant to impose an obligation upon his wife to carry his request for distribution into effect." 178 S. W. (2d) 582.

The will is short and is without ambiguity, unless it can be said that ambiguity arises from the paragraph in Section IV in which the request as to the life insurance is made. That section of the will states that the testator has life insurance policies, a part of which are payable to his wife and a part payable to his estate. It *gives* and *bequeaths* all of the insurance to his wife, *directing* her and his brother as executors to collect the insurance. In the same section of the will, but in a separate paragraph, the testator *requests* his wife, in the event the collections from the policies exceed $7,500.00, to divide the balance, after payment to her of the $7,500.00, among herself and his brothers.

■ The verb "request" is thus defined by Webster: "To ask for (something); to solicit; to make a request to or of (one) followed by an infinitive." The definition of the word when used as a noun is: "Act or instance of asking for something or some action desired; expression of desire; entreaty; petition; that which is asked for." In its ordinary or natural meaning the word "request" is precatory and not mandatory. In re Stuart's Estate, 274 Mich. 282, 264 N. W. 372; Kauffman v. Gries, 141 Cal. 295, 74 Pac. 846; Comford v. Cantrell, 177 Tenn. 553, 151 S. W. (2d) 1076; Bogert's The Law of Trusts, Vol. 1, p. 224, Sec. 48. However, "It is an error to suppose that the word 'request' necessarily imports an option to refuse, and excludes the idea of obedience as a corresponding duty. * * * According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator." Colton v Colton, 127 U. S. 300, 32 L. Ed. 138, 145-146. See also Keiser v. Jensen, 373 Ill. 184, 25 N. E. (2d) 819; Cahill v. Froch, 138 Wash. 415, 244 Pac. 698; Daly v. Daly, 142 Tenn. 242, 218 S. W. 213; Williams v. Williams' Committee, 253 Ky. 30, 68 S. W. (2d) 395.

As is shown by elaborate annotations in American Law Reports and in Bogert's and Scott's texts, the rule adopted by the early English decisions is that precatory words appearing in a will are presumed to express the will of the testator and are sufficient to limit an otherwise absolute devise or bequest, or to impose a trust, unless a contrary intention appears from the context of the will or from the circumstances and situation of the testator and the beneficiaries; but later decisions of the English courts and most of the American cases "have repudiated this rule as leading to results not intended by the testator, and in effect reverse the presumption, holding that words of request or expectation are presumably indicative of nothing more, unless the context, or circumstances surrounding the testator at the time of making the will, show that he, though using the language of request, really meant to leave the legatee no option in the matter." 49 A. L. R. pp. 10-103, 16-18; 70 A. L. R. pp. 326-334; 107 A. L. R. pp. 896-924; Bogert's The law of Trusts and Trustees, Vol. 1, pp. 224-225, Sec. 48; Scott's The Law of Trusts, Vol. 1, pp. 153-160, Secs. 25.1-25.2. See also Restatement of the Law of Trusts, Vol. 1, pp. 76-79, Sec. 25.

The Texas decisions are in accord with the rule last stated. The opinion in Spears v. Ligon, 59 Texas 233, 235, contains the following: "It is said by eminent American authors on wills that the tendency of the decisions of the American courts is

to limit and restrict the English chancery rule with respect to the enforcement of precatory trusts." One clause of the will construed in McMurry v. Stanley, 69 Texas 227, 6 S. W. 412, declared it to be the "will and desire" of the testatrix that her husband should have all of her property, both real and personal, with full power to control and dispose of it. The next clause, the fourth paragraph of the will, declared it to be the "will and desire" of the testatrix that at her husband's death any of the property still remaining in his possession should be given to her nieces. The court, in holding that the will imposed an obligation on the husband to carry out the wife's wishes, and that a trust was created in favor of the nieces, did not presume merely from the use of the words "will and desire" that the testatrix had that intention, but, expressly disregarding technical and arbitrary rules, looked to the language of the entire instrument to determine the intention of the testator, and was influenced in its decision primarily, it seems, by the fact that the language used in the fourth paragraph of the will, in so far as it indicated the intention of the testatrix to confer a benefit on her nieces, was the same as the language she had used in the preceding paragraph to evidence her intention to confer an estate in the property upon her husband by force of the instrument itself.

Other Texas cases, including both those that give to precatory words a mandatory effect and those that construe such words according to their ordinary or natural meaning, are decided by ascertaining the testator's intention from the language used in the will, taking into consideration the immediate context of the entire instrument, and also in many instances the circumstances surrounding the testator, without indulging any presumption, from the use of words of request, that the testator intended to create enforceable duties. Norton v. Smith, 227 S. W. 542; Arrington v. McDaniel (Com. App.) 14 S. W. (2d) 1009; Weller v. Weller, 54 S. W. 652; Ricketts v. Alliance Life Insurance Company, 135 S. W. (2d) 725.

After making reference to the early view of the English courts, Bogert thus briefly gives the rule now followed in England and in the United States:

"But since the beginning of the nineteenth century the English courts have changed their stand upon this question, and now hold that the natural significance of precatory words is not a trust, but that such an obligation may be shown by other portions of the instrument or by extrinsic circumstances. The American courts have adopted this natural construction of precatory expressions." Bogert's The Law of Trusts and Trustees, Vol. 1, pp. 224-225, Sec. 48.

Colton v. Colton, 127 U. S. 300, 32 L. Ed. 138, is in harmony with the rule above quoted from Bogert, in that precatory expressions in the will are given mandatory effect only after construing them in the light of the context of the entire will and the extrinsic facts alleged. The will construed in that case gave and bequeathed all of the testator's property to his wife; and in direct connection with the gift to the wife the testator recommended to her the care and protection of his mother and sister, and requested her to make such gift and provision for them as in her judgment would be best. The court's opinion, making reference to the word "request," states the question for decision to be:

"Does that mean a wish of the testator which he intended to be fulfilled out the means which he had furnished to make it effectual, or does it mean a posthumous petition which the testator understood himself as addressing to the favor and good will of his sole legatee?"

■ The following controlling rule of construction is announced:

"The object, therefore, of a judicial interpretation of a will is to ascertain the intention of the testator, according to the meaning of the words he has used, deduced from a consideration of the whole instrument and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed."

The opinion contains quotations from many English and American cases as to the meaning or construction of precatory words when used in a will. The substance of the quotations is that such words will not be deemed to import a trust, unless it clearly appears from the language used and a consideration of the whole instrument, in the light of circumstances which surrounded the testator when the will was executed, that he intended to govern and control the conduct of the person to whom the language of the will was addressed or that the recommendatory or precatory clause was designed by the testator to be peremptory on the donee.

The decision in that case, that the testator intended by the words of request to impose an obligation, was induced, in part at least, by extrinsic facts as to the age, health and financial necessities of the mother and sister and the great value of the estate.

■ In view of the foregoing authorities, no presumption arises, from the testator's request of his wife in the fourth subdivision

of the will, that he intended to impose upon her an obligation to carry the request into effect. The language used does not in its ordinary or natural sense import an obligation.

Looking to the entire instrument, we find nothing in it from which it reasonably may be inferred that the request represents the will of the testator rather than his wish. On the contrary, a consideration of the entire will leads, in our opinion, to no other reasonable conclusion than that the testator did not intend by force of the will itself to give to his brothers a part of the proceeds of the life insurance policies in excess of $7,500.00 or to impose upon his wife an obligation to divide it among them. The testator intended to will to his nephew his technical library and books; and in the third section of the will he evidenced that intention by using these words: "I do hereby give and bequeath to my nephew George P. Byars my technical library and all books, etc." He intended by his will to give to his wife all of his property not specifically disposed of by preceding paragraphs, and to manifest that intention he used in the fifth section of the will the words: "I do hereby bequeath the same to my beloved wife."

The fourth section of the will relates wholly to the life insurance. It begins with the statement that the testator has certain policies, some payable to his wife and some to his estate. This statement is followed by a paragraph in which the same words of disposition are used as in other paragraphs of the will: "I do hereby give and bequeath all of my insurance of every kind and nature that I may have at the time of my death to my beloved wife." This paragraph clearly manifests the intention of the testator that his surviving wife shall under the will take and have as her own all of the insurance. In the same paragraph the will directs the executors to collect the insurance.

In the same fourth section, but in a separate paragraph, the testator requests his wife, in the event of collections from the several policies exceed the sum of $7,500.00, to divide the remaining balance, after she has received $7,500.00, among herself and his brothers. The language of this paragraph is precatory only. There are no words in it expressing the will of the testator that the brothers shall have part of the insurance. The testator does not "hereby give and bequeath" anything to his brothers. Very carefully he uses the word "request" three times, avoiding the use of any such mandatory word as "shall," and thus shows his intention not to exclude all option or discretion in his wife as to a division of a part of the proceeds of the

policies of insurance. Most significant is the fact that the request, which follows an unconditional bequest to the wife of all of the insurance, is directed to her rather than to the executors. Had the testator intended by his will to bestow upon his brothers the right to a part of the proceeds of the· policies, he would have directed the executors, after having ·collected the insurance, to make the division or distribution.

No facts are presented in this case, as in Colton v. Colton (127 U. S. 300, 32 Law Ed._ 138) showing the situation of the testator when the will was drawn and the circumstances of the surviving wife and the other persons named, from which the inference might be drawn that the precatory paragraph of the will was intended to be mandatory. There is the single circumstance that the request is by the husband to the surviving wife. It has frequently been said that the use of words of recommendation or request when addressed to the spouse of the testator may be deemed "a civility" intended to express a command. Colton v. Colton, ·127 U: S. 300, 32 Law Ed. 138, 146; Daly v. Daly, 142 Tenn. 242, 218 S. W. 213; Keiser v. Jensen, 373 Ill. 184, 25 N. E. (2d) 819; Knox v. Knox, 59 Wis. 172, 18 N. W. 155. On the other hand, there are many cases that construe precatory words addressed to the spouse of the testator to be merely expressions of the testator's wish and not intended to be imperative. Ricketts v. Alliance Life Ins. Co., 135 S. W. (2d) 725; In re Hasey's Estate, 192 Minn. 582, 257 N. W. 498; Kauffman v. Gries,. 141 Cal. 295, 74 Pac. 846; Mitchell v. Mitchell, 143 Ind. 113, 42 N. E. 465.

In the case last cited the court expresses the opinion that advisory language addressed by the testator to his surviving wife will not be construed as mandatory simply because of the relationship. We have found no case in which the single circumstance of that relationship has been held of itself sufficient to warrant the inference that precatory expressions were intended to be peremptory.

Since our opinion is that the trial court correctly construed the will, the judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adoptetd by the Supreme Court. June 14, 1944.

Rehearing overruled October 4, 1944.

MR. JUSTICE SHARP, dissenting.

I disagree with the majority opinion rendered in this case, and will briefly state my views. In my judgment it sets aside a plain provision of the will, and substitutes therefor a provision not intended by the testator. The part of the will concerning. which my construction differs from that given it by the majority opinion is paragraph IV.

The sole question for decision here is whether the testator intended for any of his brothers who may be living to share with his wife the proceeds derived from his insurance policies in excess of $7,500.00; in other words, whether the language used in the will is to be interpreted as being mandatory or precatory.

The will is short and unambiguous. The testator intended either to give part of the insurance to his brothers or to leave them nothing at all. There is nothing in the will that tends to establish a trust for the benefit of the brothers in any part of the insurance. Therefore, as regards this will, the many rules governing the construction of ambiguous wills and wills providing for a trust fund do not apply.

In drawing a will a testator may not have had the same opportunity of obtaining legal advice that he would have had in executing a deed, and more latitude is permitted courts in the construction of a will, to ascertain the testator's intention, than in the construction of a deed. Calvery v. Calvery, 122 Texas 204, 55 S. W. (2d) 527; 4 Kent Com., 216; Andrews v. Spurlin, 35 Ind. 262; Williams, Real Property (5th ed.), 212; Brockschmidt v. Archer, 64 Ohio St., 502, 60 N. E. 623. For an exhaustive annotation of authorities on this point, see 29 L. R. A. (N. S.) 1038.

Wills often contain mandatory and precatory terms. The words "wish," "desire," and "request" are often used in a mandatory sense, and are given that construction if a reading of the entire will shows that it was the purpose of the testator to use them in that sense. 44 Tex. Jur., p. 724, sec. 161; McMurry v. Stanley, 69 Texas 227, 6 S. W. 412; Busby v. Lynn, 37 Texas 146; Norton v. Smith (Civ. App.), 227 S. W. 542 (writ dismissed); Drinkard v. Hughes (Civ. App.), 32 S. W. (2d) 935; Arrington v. McDaniel (Com. App.), 14 S. W. (2d) 1009; Colton v. Colton, 127 U. S. 300, 32 L. Ed., 138; Oyster v. Knull, 137 Pa. 448, 20 Atl. 624, 21 Am. St. Rep. 890; Temple v. Russell, 251 Mass. 231, 146 N. E. 679; Daly v. Daly, 142 Tenn. 242, 218 S. W. 213; Cahill v. Froch, 138 Wash. 415, 244 Pac. 698; Words & Phrases (Perm. Ed.), Vol. 12, p. 287 et seq.

Since the will is plain and unambiguous, the rules applicable to its construction are few and simple. The intention of the testator must first be determined, and such intention as gathered from the entire will must control, regardless of all arbitrary rules to the contrary. Bittner v. Bittner (Com. App.), 45 S. W. (2d) 148; Aron v. Aron (Civ. App.), 168 S. W. (2d) 917 (writ refused); Darragh v. Barmore (Com. App.), 242 S. W. 714; McMurry v. Stanley, 69 Texas 227, 6 S. W. 412; Henderson v. Stanley (Civ. App.), 150 S. W. (2d) 152; Haupt v. Michaelis (Com. App.), 231 S. W. 706; Estes v. Estes (Com. App.), 267 S. W. 709; Arrington v. McDaniel (Com. App.), 14 S. W. (2d) 1009; Jackson v. Templin (Com. App.), 66 S. W. (2d) 666, 92 A. L. R. 873; 28 R. C. L., pp. 204-206, and authorities cited.

Now, let us consider what the testator had in mind when he executed the will under consideration. He evidently knew best how he wanted the proceeds of his insurance to be divided. He referred to his insurance policies, and then stated that he wanted his wife to receive $7,500.00 out of the proceeds of such policies, and the remaining balance, if any, over and above that amount, to be divided among his wife and any of his brothers who may be living at said time, share and share alike. When the will is considered as a whole, I think it shows that the testator unquestionably desired to leave to his brothers, if living, part of the proceeds of his insurance policies in excess of $7,500.00. It clearly appears to me that this was the testator's purpose when he signed his will. To my mind there is no other construction to be given to the language used. The testator had the right to dispose of his insurance in this manner, and it is not the province of courts to thwart the plain intention of a testator expressed in his will.

The Court of Civil Appeals correctly decided this case, and its judgment should be affirmed.

Opinion delivered June 14, 1944.