### BANKS et al. v. BANKS.

No. 15451.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 30, 1953.

Grindstaff, Zellers & Hutcheson and A. E. Zellers, Weatherford, for appellants.

Craven & Hand and I. B. Hand, Weatherford, for appellee.

RENFRO, Justice.

Suit was brought in the District Court of Parker County by Ben B. Banks, independent executor of the estate of J. B. Banks, Sr., deceased, against Pearl L. Banks, surviving wife of the deceased, and J. B. Banks, Jr., for the purpose of construing the will of the testator.

The will, pertinent to the appeal, reads:

"2nd. I do hereby bequeath to my only surviving sons, Ben B. Banks of Fort Worth, Texas, and J. B. Banks Jr. of Weatherford, Texas, each a undivided one half interest in the Banks Farm near Cottondale, in Wise County, Texas, and the Home at 803 Palo Pinto St. in Weatherford, Texas, share and share alike, * * *" and "3rd. I do hereby Will and Bequeath to my beloved wife Pearl L. Banks all other property owned by me both real and personal wherever located, and request that she live in the House at 803 Palo Pinto St. in Weatherford, Texas, as long as she may live, or desires to live in it."

The farm in Wise County and the home at 803 Palo Pinto Street in Weatherford were the separate property of the deceased.

J. B. Banks, Jr., and Ben B. Banks are sons of J. B. Banks, Sr., and a prior wife.

J. B. Banks, Sr. and Pearl L. Banks had no children. Testator and Pearl L. Banks lived in the house at 803 Palo Pinto Street in Weatherford, Texas, from the date of their marriage in 1947 until testator's death in 1952. Pearl L. Banks has continued to reside in said house.

The inventory filed in the Probate Court shows that the separate property, at the time of the death of J. B. Banks, Sr., consisted of the house in Weatherford appraised at $4,500 and household furnishings and personal effects appraised at $500; and the community property consisted of an apartment house appraised at $12,500, the furnishings therein at $1,220, and cash in banks $1,219.93.

At the conclusion of the evidence, judgment was rendered by the court, finding that under the provisions of the will the said Pearl L. Banks was entitled to a life estate in and to the home place located at 803 Palo Pinto Street in Weatherford, Texas, and upon the death of Pearl L. Banks, or in the event she desired not to live in said home, then all the right, title and interest in the property should vest in Ben B. Banks and J. B. Banks, Jr.

Neither in the district court nor in this court does the appellee Pearl L. Banks assert any constitutional or statutory homestead claim to the house in Weatherford. She relies solely on the "provision" of the will wherein the testator "request" that she "live in the House at 803 Palo Pinto St. in Weatherford, Texas, as long as she may live, or desires to live in it."

We therefore confine our discussion and decision to the rights, if any, she received in the house by virtue of the provision of the will, and express no opinion as to any possible rights not advanced by her.

It is clear that paragraph 2, standing alone, was an outright bequest in fee simple to testator's two sons. Under Article 1291, R.C.S., "Every estate in lands * * * shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

Under Texas law, the largest estate the language of the will is capable of conveying must be accepted over that of a lesser estate, unless it clearly appears otherwise. McDowell v. Harris, Tex.Civ. App., 107 S.W.2d 647. If there be ambiguity regarding limitation attempted or estate devised, or doubt regarding application, the larger estate will vest. Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366. Also, it is a familiar rule of construction that the law favors the first taker and that the language of the will should be construed so as to grant to the first taker the greatest estate which, by a fair construction, it is capable of passing. 44 Tex.Jur. 703. It is also a familiar doctrine that in construction of a will the intention of the testator is the first and great object of inquiry. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Bell County v. Alexander, 22 Tex. 350, 351; Laval v. Staffel, 64 Tex. 370; Haring v. Shelton, Sup.Ct., 103 Tex. 10, 122 S.W. 13.

If it does not clearly appear from the language of the will that a less estate was intended to be created, the devise will be deemed to be in fee simple. Pritchett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, error refused.

In paragraph 3 the testator uses the words "I do hereby Will and Bequeath to my beloved wife Pearl L. Banks all other property owned by me both real and personal wherever located, * * *". That phrase clearly manifests the intention of Banks, Sr., that his surviving wife should have in fee simple all the property not bequeathed to his sons. After this absolute bequest to Pearl, he uses the words "and request that she live in the House at 803 Palo Pinto St. in Weatherford, Texas, as long as she may live, or desires to live in it."

In its ordinary or natural meaning the word "request" is precatory and not mandatory. Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363, 364. See also Singer v. Singer, Tex.Civ.App., 196 S.W.2d 938, error refused, n. r. e.

"The verb 'request' is thus defined by Webster: 'To ask for (something); to solicit; to make a request to or of (one);—followed by an infinitive.' The definition of the word when used as a noun is: 'Act or instance of asking for something or some action desired; expression of desire; entreaty; petition; that which is asked for.' * * *" Byars v. Byars, supra. It is said in the above case that words of request or expectation are presumably indicative of nothing more, unless the context or circumstances, surrounding testator at the time of making the will, show that he, though using the language of request, really meant to leave the legatee no option in the matter.

The "request" in the will under consideration is not directed to any particular person. It is merely a request standing alone. It does not request the executor or the testator's sons to allow Pearl L. Banks to remain in the house and does not specifically request Pearl to live in the house.

There is nothing in paragraph 2 limiting the estate vested in the sons and nothing in paragraph 3 vesting any estate in Pearl in the house other than a request that she live in the same as long as she may live or desires to live in it.

We are of the opinion that the word "request" was merely an expression of the testator's wish and not intended to be imperative.

Paragraph 2 having devised the house in fee to testator's sons, such devise could not, by the later clause, be cut down or diminished unless such subsequent clause was clear, direct and unambiguous and left no doubt as to the intention and desire of the testator. Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930.

There is no effort made in paragraph 3 to limit the fee-simple title to J. B. Banks, Jr., and Ben B. Banks theretofore bequeathed to them, and said paragraph did not in any way refer to the estate created in paragraph 2.

The rule that every part of a will must be given effect, if possible, is sub-

ordinate to the rule that a devise shall be deemed a fee simple unless limited by express words. Winfree v. Winfree, Tex. Civ.App., 139 S.W. 36.

We have concluded that the fee-simple estate granted by the testator to his sons in paragraph 2 was not limited by the heretofore mentioned request in paragraph 3. Before we could hold that paragraph 3 limits or reduces the estate so granted, the intention of the testator that it should have such effect must clearly appear. We do not believe that such intention appears in the will in question. See Cragin v. Frost Nat. Bank, Tex.Civ.App., 164 S.W. 2d 24; Darragh v. Barmore, supra; Phillips v. Currie, Tex.Civ.App., 246 S.W.2d 257.

It is our opinion that the request is precatory only and not mandatory and merely expresses a wish or a hope and is not sufficient to fix a life estate in the house in question in Pearl L. Banks.

The trial court erred in finding that it was the intention of the testator "to will and bequeath to his surviving wife Pearl L. Banks a life estate in said home place. * * *"

Reversed and rendered.