**Fred B. HUNT, Appellant,**

v.

**Ermine HUNT, Appellee.**

No. 13529.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1959.

Clark & Bonner, Rockport, for appellant.

O. Kennedy, Beeville, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Fred B. Hunt against his stepmother, Ermine Hunt, seeking to have the following provision of his father's will interpreted as constituting a valid bequest, mandatory in nature, to him, in the sum of $5,000:

"4. It is my desire that Ermine Hunt pay to Fred B. Hunt, my son by a former marriage, the sum of Five Thousand Dollars ($5,000.00). Shortly before my present marriage, I made a complete and final settlement of property with my son, Fred B. Hunt, and thereafter, at various times, I have made him substantial gifts of real and personal property. My said son, Fred B. Hunt, has no right, title or claim in my estate."

The trial court found that the above paragraph of the will of Fred W. Hunt, the testator, was precatory in its nature and only expressed a wish or desire on his part rather than a mandatory bequest of $5,000 to his son, from which judgment Fred B. Hunt has prosecuted this appeal.

The law seems well settled that the expression, "It is my desire," is ordinarily precatory in its nature and is not mandatory and cannot be construed as mandatory, unless, from a reading of the entire will and from the circumstances and situation of the testator and beneficiaries, it is clear that the intention of the testator was to create a mandatory bequest. Bergin v. Bergin, Tex., 315 S.W.2d 943; Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363; Singer v. Singer, Tex.Civ.App., 196 S.W.2d 938; Ricketts v. Alliance Life Ins. Co., Tex.Civ.App., 135 S.W.2d 725.

Apparently there was no extraneous evidence offered herein as to the circumstance and situation of the testator and the beneficiaries, so this will must be construed from its four corners. The entire will is short and, omitting formal parts, it reads as follows:

"1. I direct that Ermine Hunt, Independent Executrix herein, shall pay all of my just debts as soon after my death as may be convenient.

"2. There is a lot, and building thereon, located in the town of Three Rivers, Texas, which is now occupied by Live Oak Gas Company, and a lot, and dwelling thereon, located in the town of Beeville, Texas, which is now occupied by Earle H. Silven, and these two pieces of property are owned by F. W. Hunt and F. B. Hunt. Heretofore the said F. W. Hunt and F. B. Hunt jointly owned purchase money notes, and liens securing same, against four houses located on the East half of

Block No. 23, of Jones Addition to the City of Beeville, Texas, such four houses fronting east on Tyler Street. Only one of said notes now remains unpaid. I give, devise and bequeath to F. B. Hunt (also known as Fred B. Hunt) the undivided one-half interest in the two pieces of property above described and in the note and lien above described that is now owned by myself and my wife, Ermine Hunt.

"3. All the rest and residue of my estate, real, personal and mixed, regardless of where situated, I give, devise and bequeath to my beloved wife, Ermine Hunt.

"4. It is my desire that Ermine Hunt pay to Fred B. Hunt, my son by a former marriage, the sum of Five Thousand Dollars ($5,000.00). Shortly before my present marriage, I made a complete and final settlement of property with my son, Fred B. Hunt, and thereafter, at various times, I have made him substantial gifts of real and personal property. My said son, Fred B. Hunt, has no right, title or claim in my estate.

"5. I appoint Ermine Hunt Independent Executrix of this my will and direct that no bond shall be required of her and that no other action shall be had in the County Court in relation to the settlement and handling of my estate than the probating and recording of this, my will, and the return of an inventory, appraisement and list of claims of said estate, as required by the inheritance tax laws of the State of Texas."

After reading the entire will we find nothing therein indicating that the expression "It is my desire" should be given any other meaning than its ordinary and natural meaning, which is, that the testator was expressing nothing more than a wish or desire, and did not intend a command. Langehenning v. Hohmann, 139 Tex. 452, 163 S.W.2d 402; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412.

It will be noted that in paragraph number one the testator used the expression, "I direct that Ermine Hunt, Independent Executrix herein," while in paragraph number four he said, "It is my desire that Ermine Hunt," without referring to her representative capacity. It will also be noted that by paragraph number two testator made a direct and positive gift, devise and bequest to his son, Fred B. Hunt, of certain real and personal property, and then, by paragraph number three, gave, devised and bequeathed to his wife, Ermine Hunt, all the rest and residue of his estate.

This completely disposed of his entire estate. Thereafter, apparently, he expressed a desire that Ermine Hunt, not as independent executrix but individually, pay to his son, Fred B. Hunt, the sum of $5,000. He follows this by an explanation why he had not given more to his son.

There is nothing found in the entire will that would indicate that while the testator used precatory language in paragraph number four, he really intended it to be mandatory.

Appellant suggests that a husband in writing his will does not like to use harsh language toward his beloved wife, but prefers to use gentler and softer language. This may be true, but it would not justify us in construing paragraph number four as mandatory when from a reading of the entire will it appears to the contrary. Testator did not hesitate to direct his wife in paragraph number one, so we must presume he had some other reason than wanting to be polite, in expressing only a desire rather than a command in paragraph number four.

The judgment is affirmed.