James W. EVANS, Jr., et al., Appellants,

v.

James W. EVANS, Sr., Appellee.

No. 14157.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1963.

---

T. P. Hull, J. Douglas McGuire, San Antonio, for appellants.

Glendon Roberts, Bandera, for appellee.

POPE, Justice.

James W. Evans, Jr., and Kathleen Burket, have appealed from a summary judgment which construed the holographic will of their mother, Kitty Clark Evans. The judgment of the trial court was that the will vested the property in the testatrix's husband, James W. Evans, Sr., the father of appellants. The issue upon which the parties meet is whether the words which appear after Kitty Clark Evans' signature are mandatory or precatory. In our opinion the judgment should be affirmed. The will is as follows:

"The State of Texas
County of Bandera } Known all men
by these presents that I, Kitty Clark Evans of the County of Bandera and State of Texas, being of sound and disposing mind and memory, and mindfull of the uncertainty of human life, do make and publish this my last will and testament,

"1st—I direct that all my just debts, should I have any, be paid by my executrix hereinafter named, as soon after my death as may be convinent.

"2d—I give demise and bequeath unto my husband James W. Evans all the estate, both real and personal of which I shall die possessed or in any way be entitled to, To have and to hold the same unto him and his heirs and assigns forever.

"3d—I appoint my said husband, James W. Evans executrix of this my last will and testament, and I direct that he give no bond, and that no proceedings may be had in any court over my estate, except to probate this will, and to file an inventory and appraisement,

"4th—In witness whereof I hereunto set my hand, signing my name in the presence of ———— and ————
who in my presence and at my request, and in the presence of each other sign their names hereto as witnesses.

"Kitty Clark Evans
"(Witnesses)

and after my death I advise my husband Jimmie, to immediately make another will leaving all property to our children Jimmie, Jr. and Kathleen after his death, and that every effort will be made to keep the children together as long as possible.
"Feb. 41"

While the will was written by a housewife who probably was poorly advised about the force of words in a will, it is seen that the second paragraph of the will unequivocally vested all of the testatrix's estate in her husband. The addenda following the signature, judging the will as a whole, is what the testatrix called it, advice. It would strain the meaning to hold that the devisee was given no option about his own disposition of the property. Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363. It is apparent that the testatrix's advice that her husband leave the property to their children was coupled with another non-testamentary suggestion that he make every effort "to keep the children together as long as possible."

This Court has recently construed a will which first made an outright bequest, followed by the expression, "It is my desire that Ermine Hunt (the legatee) pay to Fred B. Hunt, my son by a former marriage, the sum of Five Thousand Dollars ($5,000.00)." This was only a suggestion. Hunt v. Hunt, Tex.Civ.App., 329 S.W.2d

488. The same result was reached in other cases where words of even more directive force were used than those used by the testatrix in this case. Langehennig v. Hohmann, Tex.Com.App., 163 S.W.2d 402; Singer v. Singer, Tex.Civ.App., 196 S.W.2d 938; Ricketts v. Alliance Life Ins. Co., Tex.Civ.App., 135 S.W.2d 725. This construction also accords with the principle of construction that the law favors the first taker and that language of a will should be construed to grant him the greatest estate which the will, by a fair construction is capable of passing. Banks v. Banks, Tex.Civ.App., 262 S.W.2d 119; Cragin v. Frost Nat. Bank, Tex.Civ.App., 164 S.W.2d 24.

The judgment is affirmed.