**Suzanne Cohen LEVIN et al., Appellants,**

v.

**Laura FISCH, Appellee.**

**No. 4078.**

Court of Civil Appeals of Texas.

Eastland.

June 24, 1966.

Rehearing Denied July 15, 1966.

Murfee & Hoover, William L. Durham, Houston, for appellants.

Ellis F. Morris, Houston, for appellee.

COLLINGS, Justice.

Laura Fisch brought suit against Suzanne Cohen Levin and Jay Howard Cohen, individually and as independent executors of the estate of Bertha Cohen, deceased. Plaintiff, a sister of the deceased, claimed that she had an interest in said estate under the provisions of the last will and testament of Bertha Cohen. Defendants are the children of Bertha Cohen, deceased. It was stipulated that Bertha Cohen died on November 28, 1959, in Houston, Harris

County, Texas, that the last will and testament of Bertha Cohen, dated April 11, 1958, was admitted to probate on January 27, 1960 by the Probate Court of Harris County, Texas, and that the defendants are the duly appointed and acting independent executors of the estate of Bertha Cohen, deceased. Both plaintiff and defendants filed motions for summary judgment urging that no genuine issue as to any material fact existed. Plaintiff contended that under the pleadings, the language of the will, considered with her ex parte affidavit and stipulations, she was entitled to judgment as a matter of law. Defendants contended that they were entitled to judgment, as a matter of law, because the provision of the will relied upon by plaintiff was precatory in nature and not mandatory and amounted, in effect, to only the expression of a wish on the part of the testatrix. The court overruled defendants' motion for summary judgment, sustained plaintiff's motion and rendered judgment for the plaintiff. The defendants have appealed.

The will provided for specific bequests to appellants. In addition to the provision for specific bequests, paragraph V of the will, the interpretation of which is here in controversy, is as follows:

"All of my other property of whatsoever nature, real, personal, or mixed, I give, devise and bequeath to my two children, Suzanne Cohen Levin and Jay Howard Cohen, to be divided equally between them so that each shall receive an equal share with the other in said property. It is my desire that each year out of the annual rent proceeds, rents and revenues from such property during such year so received by my said daughter and son they pay to my sister Mrs. Laura Fisch the sum of $2,400.00, provided such net proceeds, rents and revenues, received by them from such property for such year *is sufficient to meet such payment.* In the event the net revenues from such property for any given year should be insufficient to meet such payment for

such year, then the amount of the payment to my said sister for such year should be reduced in the amount of such deficiency. It is my desire that my children continue such payments during the remainder of my said sister's life time provided that should my sister LAURA FISCH get married, then my said children should not, after the date of such marriage continue such payment. In the event my said sister should marry, then the payment to her during the year of such marriage, should be prorated as of the date of such marriage."

Appellants present one point of error contending the court erred in overruling appellants' motion for summary judgment, and in sustaining appellee's motion for summary judgment and rendering judgment thereon, for the reason that paragraph V of the last will and testament of Bertha Cohen is clearly precatory in nature and not mandatory, and amounts only to a wish on the part of the testatrix and does not express a mandatory bequest to appellee, or devise or bequeath to appellee any interest whatsoever in the estate of Bertha Cohen, deceased, which the appellants, or either of them, either individually or as independent executors, are, as a matter of law required to recognize, honor or pay.

Appellants point out that the testatrix Bertha Cohen unequivocally devised and bequeathed to appellants all of her property not theretofore devised. Appellants contend that the phrase "It is my desire" considered in connection with the language used "within the four corners of the instrument", is not ambiguous, and should be given its ordinary and natural meaning, and should not be interpreted as a bequest or a mandatory instruction to appellants to pay to her sister, Mrs. Fisch, the $2,400.00 annual payment indicated in the will. Appellants contend that if Bertha Cohen had intended to bestow upon her sister, Laura Fisch, any right to the annual net rents and revenues from the properties which she had previously and unequivocally

devised to appellants, she would have directed appellants in their capacity as executors to make such distribution. The word "desire" in its ordinary and primary meaning is precatory, but is often construed when used in a will as directive or mandatory when it clearly appears that such was the intention of the testator from a consideration of the instrument as a whole and the surrounding circumstances.

In support of the judgment appellee relies upon Colton v. Colton, 127 U.S. 300, 8 S.Ct. 1164, 32 L.Ed. 138 (1888). In that case the testator devised and bequeathed to his wife all of his estate, both real and personal, and then continued as follows: "I recommend to her the care and protection of my mother and sister, and request her to make such gift and provision for them as in her judgment will be best." In discussing the question of whether the above provision was precatory or mandatory the court stated:

"According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator. * * * And in such a case as the present, it would be but natural for the testator to suppose that a request, which, in its terms, implied no alternative, addressed to his widow and principal legatee, would be understood and obeyed as strictly as though it were couched in the language of direction and command. * * *"

The applicable rule in such cases was stated to be as follows:

"The object * * * of a judicial interpretation of a will is to ascertain the intention of the testator, according to the meaning of the words he has used, deduced from a consideration of the whole instrument and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed."

The record in this case which is not disputed shows the following facts and circumstances surrounding the testator when the will was executed. The deceased, Bertha Cohen and the appellee Laura Fisch were sisters. Appellants are the children of Bertha Cohen. On April 11, 1958, when Bertha Cohen executed the will she and Laura Fisch were both widows, approximately fifty years of age. Bertha Cohen owned property of the value of approximately one million dollars, and the value of property owned by Laura Fisch was approximately Twenty-five Thousand Dollars. The appellant Cohen was twenty years of age and appellant Levin was twenty-five years old. Appellants had one year previously inherited from their father property of the approximate value of one million dollars. For two years prior to her death Bertha Cohen paid appellee the sum of $200.00 per month. She also made other gifts to appellee and her daughter of clothing and money. The record shows that appellee was in poor health and unable to work full time, and that her income was approximately $300.00 per month.

Appellants rely principally on Byars v. Byars et al., 143 Tex. 10, 182 S.W.2d 363, (Sup.Ct.1944), in which it was held that the word "request" in its ordinary or natural meaning when used in a will is precatory and not mandatory. Our Supreme Court in that case noted the statement of the rule set out in the Colton case, supra, and then distinguished the facts in the Byars case as follows:

"No facts are presented in this case, as in Colton v. Colton, 127 U.S. 300, 8 S.Ct. 1164, 32 L.Ed. 138, showing the situation of the testator when the will was drawn and the circumstances of the surviving wife and the other persons named, from which the inference might be drawn that the precatory paragraph of the will was intended to be mandatory. There is the single circumstance that the request is by the husband to the surviving wife. * * *"

**892**

In 95 C.J.S. Wills § 602 b the rule which in our opinion is applicable in Texas is stated as follows:

"Whether Precatory or Mandatory. In determining whether particular words are to be construed as precatory or mandatory, the court will look to the expressed intent of the testator, as found from the context of the will and surrounding circumstances; and words which, in their ordinary meaning, are precatory will be construed as mandatory only when it is evident that such was the testator's intent."

See also Gilkey v. Chambers, 146 Tex. 355, 207 S.W.2d 70; Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943; Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513, 86 A.L.R.2d 105; Leopold v. Sochat, 303 S.W.2d 840 (Tex. Civ.App., n. r. e. 1957); Hunt v. Hunt, 329 S.W.2d 488 (Tex.Civ.App., no writ history, 1959); Shiels v. Shiels, 109 S.W.2d 1112 (Tex.Civ.App., no writ history, 1937); Words and Phrases, Vol. 12, page 436.

The trial court correctly found that there was no genuine issue of fact in the case. Based upon the rule announced in the above cited cases and authorities it is our opinion that it was the intention of the testatrix that the words of "desire" as used in the will were a positive directive and imposed an obligation on appellants to comply therewith. The provision of the will for the payment to appellee of $2,400.00 annually was set out specifically as well as the desire or direction of the testatrix that such payments should be discontinued in certain specified contingencies. The language in question considered in context and in connection with the language of the will as a whole, and the surrounding facts and circumstances is in our opinion more clearly mandatory than that of the Colton case. The court properly entered summary judgment in favor of appellee, Laura Fisch.

The judgment is affirmed.