Douglas **HENRY** et al., Appellants,

v.

George P. **CURB**, Appellee.

No. 4239.

Court of Civil Appeals of Texas.

Eastland.

June 21, 1968.

Rehearing Denied July 12, 1968.

**30**

Theo Ash, Abilene, Tom Webb and Glen Aaron, Webb, Stokes & Bolding, San Angelo, for appellants.

Bradbury, Tippen & Cross, Bryan Bradbury, Abilene, for appellee.

GRISSOM, Chief Justice.

In 1945, C. F. and Hettie B. Curb were husband and wife. By previous marriages, Mrs. Curb had two children, Douglas Henry and Ouida Henry McCormack, who are now her surviving heirs at law, and C. F. Curb had a son, George P. Curb, who is now his heir at law. In 1945, C. F. and Hettie B. Curb executed the following will:

"THAT we, C. F. Curb and wife, Hettie B. Curb, of Taylor County, Texas, hereby publish this, our Last Will and Testament, hereby revoking any and all Wills by either of us at any time heretofore made.

*FIRST*: We desire and direct that the survivor shall, as soon as practicable after the death of the other, pay all the just debts due by the estate of the one dying first.

*SECOND*: We, C. F. Curb and wife, Hettie B. Curb, do hereby give, devise and bequeath to the survivor, as the case may be, all of the property, real, personal and mixed, which we, or either of us may own or in which we may have any interest at the time of such first death.

*THIRD*: We, and each of us, do hereby appoint the one who survives this union as the sole Executor or Executrix, as the case may be, under this Will, and direct that no bond or security shall be required of such survivor in such capacity.

*FOURTH*: We, and each of us hereby direct that there shall be no action taken in any court, relative to our estates, other than to prove and record this Will and to return an inventory and appraisement, as required by law.

*FIFTH*: We, and each of us desire and request that the survivor of us shall at the time of such survivor's death, leave all of the property of which such survivor shall die seized and possessed, of every kind and character, and wheresoever situated, to

George P. Curb, Douglas Henry, and Ouida Henry Baker, share and share alike. Conditioned: (1) That should, at the time of the death of the survivor, one or more of such three remainder beneficiaries not be living, and have no direct lineal descendants, then and in that event such part as would have gone to such deceased remainder beneficiary shall go to the surviving remainder beneficiary or beneficiaries, as the case may be; (2) If such deceased remainder beneficiary, if any, should leave direct lineal descendants, then such direct lineal descendants shall take the part such remainder beneficiary would have taken, if living, at the time of the death of the survivor of us; (3) By "Fifth" and the various subdivisions thereunder, it is not our intention to in any manner limit or lessen the fee simple estate left to the survivor of us. But such survivor of us shall have the absolute right to full ownership and the right to sell, dispose of, deliver and convey any portion of the estate of the one of us who shall die first, at public or private sale, for any price, on any terms and in any manner that may seem best to such survivor.

WITNESS OUR HAND this 6th day of September, A. D., 1945.

C. F. Curb
_____
                    TESTATOR
Hettie B. Curb
_____
                    TESTATRIX."

Hettie B. Curb died first. Said instrument was duly probated as her last will and testament by C. F. Curb. After C. F. Curb's death, George P. Curb filed this suit against Douglas Henry and Ouida McCormack, the heirs at law of Hettie B. Curb, deceased, to establish his ownership of all the property of his deceased father by virtue of the laws of descent and distribution. He alleged that he was the heir at law of C. F. Curb. He sought a construction of said joint will to the effect that the words "desire and request" as used in the fifth paragraph are precatory, not testamentary, and that it did not dispose of the property C. F. Curb owned when he died. Plaintiff alleged that C. F. Curb did not execute a will in compliance with the "desire and request" provision in the fifth paragraph of said will. He sought a declaratory judgment that he was entitled to the whole of his father's estate. Said allegations of fact were undisputed. Defendants answered that all the property left by C. F. Curb was the community property of C. F. and Hettie B. Curb; that defendants were the heirs at law of Hettie B. Curb and, by reason of the provisions in the fifth paragraph of said will, they were entitled to two-thirds of all property remaining at the death of C. F. Curb. They alleged that said will was not vague, indefinite or uncertain, but that it was clear and concise and not subject to the construction sought by plaintiff. Wherefore, defendants sought a summary judgment so construing said will.

The court held that the words "desire and request", as used in the fifth paragraph, were precatory, not testamentary; that on the death of Hettie Curb her property passed in fee simple to C. F. Curb; that it was not the intention of the testators to limit the fee simple estate passing under said will to the survivor and that on the death of C. F. Curb intestate his estate passed, under the laws of descent and distribution, to his heir at law, George P. Curb. Judgment was rendered accordingly. The defendants have appealed.

Appellants say it is clear that C. F. and Hettie B. Curb intended that, upon the death of the survivor, all his property should go to said children in equal shares; that, upon the death of Hettie B. Curb, C. F. Curb took her property under said joint "and mutual" will; that upon the death of C. F. Curb appellants probated said joint will as his last will and testament and that during that wills twenty-two year history there was no indication that testators intended for any of their estate to pass by intestacy, but their intention to the contrary was plain. Appellants say that, even

if "desire and request" are words precatory, nevertheless, the survivor adopted said will as his own when he probated it and took thereunder in 1946; that since C. F. Curb did not afterwards execute a will devising his property to said three children and made no attempt to revoke said joint will he left the disposition of his estate subject to said joint will and, if this did not constitute an election, C. F. Curb was, nevertheless, contractually bound, by reciprocal acts and intent, to leave his estate in accord with said will.

Appellants' first point is that the court erred in granting plaintiff's motion for summary judgment because the words "desire and request" are not precatory, but testamentary, when considered in the light of the entire will. They say that, although said words are ordinarily precatory in nature, the real question is whether they were so used in this will. They quote from Bergin v. Bergin, 159 Tex. 83, 315 S.W. 2d 943, 946, to the effect that intention must be ascertained from the entire will. They quote from Hunt v. Hunt, Tex.Civ. App., 329 S.W.2d 488, 489, a holding to the effect that although the words "it is my desire" are, ordinarily, precatory in nature, the contrary is true if, from a reading of the entire will and from the circumstances and situation of the testator, it is made clear that testators intended a mandatory instruction. They conclude that the provision that they desired and requested the survivor to leave the property owned by him at his death to said three children was mandatory; that, although the modifying clause used both precatory and mandatory words, it was, nevertheless, clear that they intended to compel the survivor to leave his property to said children. They argue that conditions therein make evident such a mandatory intent. To illustrate, the provision in paragraph five, that, if at the death of the survivor any of said children should not be living and have no direct lineal descendant, the part that would have gone to such deceased child should go to said remaining beneficiaries. They say that

such language is mandatory; that it cannot be concluded that testators merely expressed a request that the children share equally, if living, but left a command that would control if any child was dead when the surviving testator died. They argue that the intention that said provision be mandatory is made clear by the fact that said children are described as remainder beneficiaries, that one does not speak of remainder beneficiaries when expressing a mere wish and that a beneficiary, in this context, can only mean one who has a legal right to take under a will.

Appellants say the decision in McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, 414, requires a holding that disposition of the property of C. F. Curb was controlled by the first provision of the fifth paragraph wherein testators expressed the "desire and request" that the survivor leave his property to said children. Such a result was declared in the McMurray case because that was clearly the meaning of the language of that will. There the court said:

"The two clauses upon which the controversy arises are as follows: 'THIRD. It is my will and desire that my beloved husband shall have all my property, both real, personal, and mixed, whatever the interest may be, whether separate or community interest; and that he shall have full power and control over same, to use and dispose of as he may desire. FOURTH. It is my will and desire that at his death, should he have any of said property still remaining in his possession not disposed of or used by him, that the same shall be given by him to my nieces * * *'"

* * * * * *

"The language used in the fourth paragraph of the will in so far as it indicates the intention of the testatrix to confer a benefit on her nieces, is the same as she used to evidence her intention to confer some estate in the property referred to upon her husband by force of the instrument itself. The words being mandatory

in the one case, they must be held so in the other, in absence of something in the will showing that the testatrix did not so use them. We find nothing in the entire will which indicates that the testatrix intended by the use of the words, 'it is my will and desire that at his death * * * the same shall be given by him to my nieces,' to make it less mandatory that this should be done, to the extent contemplated, than was it that the husband should have some estate in the property referred to in the third paragraph. The intention of the testatrix in the third paragraph of her will is no more specific or certainly indicated than is her intention as evidenced by the succeeding paragraph."

■ The court stated that the real inquiry was whether, looking at the entire will, Mrs. Bagley intended to impose an obligation on her husband to carry her expressed "will and desire" into effect, or whether, having expressed her wishes, she intended to leave him to act on them or not at his discretion. The court simply held that the intent of the testatrix that the husband leave what remained of her property at his death to her nieces, having been expressed in the same mandatory language as was the devise to the husband, the command that the husband leave the remaining property to her nieces could not be held to be an expression of a mere request, leaving it within his discretion. The holding in the McMurray case is not controlling here for the simple reason that in this case Mrs. Curb's language constitutes a devise of her property in fee simple to her husband with a mere request that he devise, not what remained of her property, but what remained of his property to said children. Having, in the second paragraph, devised all her property in fee simple to her husband, as her survivor, any question of a reduction of that estate and an intention to compel him to leave his property to the children is removed by the immediately following clear declaration in the same paragraph that, by the language used in requesting the survivor to leave his property

to the children, Mr. and Mrs. Curb did not intend to in any manner limit the fee simple title to the property of the one first to die that had been devised to the survivor, but that it was intended for the survivor to have the absolute right of full ownership. Since such intent is clearly shown, appellants'' points to the effect that the survivor, by accepting the benefits of his wife's devise to him, cannot now assert that the survivor was not required to leave his property to the children are, patently, without merit. The McMurray will referred to a devise to the children of what remained of testator's property in the possession of her husband at his death. The subject matter here is not what remained of Mrs. Curb's property, which had been devised absolutely to her husband, but what Mr. Curb owned at his death, regardless of its source.

■ The words "desire and request", in their ordinary and natural meaning, are precatory. Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363. Of course, they are not precatory when, considered with the language of the entire will, it clearly appears that it was the intention of the testator to use them as mandatory. Levin v. Fisch, 404 S.W.2d 889, (Tex.Civ.App., Ref. n. r. e.).

In the McMurray will, the third paragraph gave some estate to the surviving husband but, in the same paragraph, it was clearly commanded that he "shall" at his death give to his wife's nieces "any of said property still remaining in his possession—." This was stated to be the "will" and desire of the testators. The present will does not, in connection with a requested gift to their children, use such testamentary, mandatory language. By its terms, there is clearly devised to the survivor all the property owned by the one who dies first. This, taken alone, constituted a devise of the fee simple title of all Mrs. Curb's property. In the first part of the fifth paragraph each testator merely requested the survivor to leave his property to the children. This provision did not refer to the property of the first to die, which had been devised without any restraint to the survivor. It

referred to the property of which the survivor should die seized and possessed regardless of its source. As to the claimed requirement that the survivor devise his property to the children, the testators stated merely that "each of us desire and request" that the survivor leave his property to said children. Apparently, fearing that someone might interpret the provision with reference to a devise by the survivor to the children as appellants do, they, in the same paragraph, removed any doubt of their intention by stating: "(3) By 'Fifth' and the various subdivisions thereunder, it is not our intention to in any manner limit or lessen the fee simple estate left to the survivor"—but he "shall have the absolute right to full ownership—". It is difficult to write a plainer statement that they intended for the survivor to take the fee simple title to the property of the one who died first and that they merely requested the survivor to leave his property to the children.

Appellants cite the February 1968 decision of our Supreme Court in Dougherty v. Humphrey, 424 S.W.2d 617, to support their contention that the Curb will required its survivor to devise his estate to the children. The pertinent portion of that will is

> "It is our will and desire that the survivor of us, J. W. Dougherty or Callie Dougherty, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal, or mixed, which either or both of us may own, to be used, occupied, enjoyed, conveyed and expended by and during the life of such survivor, as such survivor shall desire, and that upon the death of such survivor any of such estate then remaining shall be divided equally among the persons following * * *"

The distinction is evident. The Dougherty will provided that it was their "will and desire" that the survivor should have all of the others property "during the life of such survivor", but that upon the survivor's death "any of such estate then remaining shall be divided equally" among

persons named. It was there stated that such was the "will" of the testators. It provided that any of the property of the first to die which remained at the death of the survivor "shall" be divided among named persons. In the Curb will, the survivor was given the property of the first to die in fee simple, with absolute right of full ownership. There followed a mere "request" that the survivor leave, not the remaining property of the first to die, but the property of the survivor to the children. This was followed, in the same paragraph, by a concise and definite statement that by such request it was not intended to in any manner limit or lessen the fee simple estate which had been devised to the survivor.

Here, the survivor could have devised his property to others than the named children but he left the disposition of his property to the law of descent and distribution. He took the fee simple title to his wife's estate by virtue of her will. He had to probate that will to take her property. Since the survivor took the fee simple title, he had the right to deal with her property as his own, simply because it became his. The third subdivision of the fifth paragraph is the overriding provision. There is nothing in the reference to the children that purports to take from the survivor the fee simple estate granted to him by other plain language of the will, their intention to the contrary is made evident by the entire will. If the language of the request that the survivor devise his property to the children might otherwise be considered as an attempt to subtract from the fee simple title theretofore granted the survivor, it is prevented from raising any question of such intention by the clear and definite statement immediately following that testators did not thereby intend to in any manner limit the fee simple estate left to the survivor, but, on the contrary, that they intended for the survivor to have the absolute right to full ownership.

We have considered all of appellants' points. They are overruled. The judgment is affirmed.